## SIGUR *v.* LLOYD.

Where a lessor prays for a judgment for rent due and to become due, and for a dissolution of the lease, and the defendant acquiesces in the prayer for a dissolution, and there is judgment accordingly, the latter cannot be condemned to pay rent coming due after the dissolution of the contract. The prayer for a dissolution of the lease, and the judgment rendered in pursuance of it, deprived the lessor of the right to hold the lessee liable for rent which might have subsequently accrued.

Under the Civil Code of this State, where a lease is dissolved on account of the fault of the lessee, the latter is bound to pay rent until the thing is again leased, only in the case of loss sustained by the lessor in consequence of the lessee's " having made another use of the thing than that for which it was intended." C. C. 2681, 2682. Under the Code Napoléon, art. 1760, the lessee is liable for such rent, in case of a dissolution of the lease produced by any fault on his part.

A lessee cannot deduct from the rent the cost of an improvement not necessary to the use of the premises, and made by him without any previous application to the lessor (C. C. 2664); and he is only entitled to remove improvements made by him, on leaving the premises in the state in which he received them. C. C. 2697.

APPEAL from the City Court of Lafayette, *Burthe*, J. *Bonford*, for the plaintiff. *Hiestand*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The defendant was sued for a breach of the covenant of his lease by the non-payment of rent. The plaintiff prayed for a dissolution of the lease, for judgment for $180, the amount of rent already accrued, and for the further sum of $240, the amount to become due by monthly payments during

SIGUR
*v.*
LLOYD.

the unexpired portion of the year.* The defendant, in his answer, admitted the execution of the lease, claimed an offset of $60 for a hoisting wheel which he had placed in the store, acquiesced in the prayer for the dissolution of the lease, but denied that he would be liable for the rent thereafter to become due. The rent was payable monthly, in advance. The suit was brought early in June, and judgment was rendered and became final before the expiration of that month. The court below rejected the offset; gave judgment for the rent accrued; decreed the dissolution of the lease and the eviction of the tenant; and also gave judgment for the rent unaccrued, with leave to take out execution therefor from time to time as it should fall due, reserving to the defendant the right of relief, by future suit, for any rent the landlord might obtain during the residue of the term from new tenants, and recourse also, should the landlord by his own neglect fail to relet the property. From this judgment the defendant has appealed.

It is declared by art. 2700 of our Civil Code that, " the neglect of the lessor or lessee to fulfil their engagements may also give cause for the dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge cannot order any delay of the dissolution." Here the lessee failed to pay the rent, which was one of his engagements, and by this breach an implied resolutory condition of the contract took effect, of which the lessor, by this suit, has availed himself, and in which the lessee acquiesces. The lease being thus dissolved, the covenant of the lessee for future rent has also ceased to exist. The rent was to be the compensation for the occupation of the property under the contract. That contract has been annulled, and the possession taken from the tenant by the decree. The defendant could not have taken advantage of his own default to annul the lease; but the injured party could, and he has availed himself of it. The dissolution is the result of his own voluntary option; the law entitled him to obtain judgment and execution from time down to the end of the term, had he chosen to leave the tenant in possession.

But it is said that the breach of duty by the lessee, has inflicted upon the plaintiff damage beyond the mere interest upon the rent accrued; that the lease was for one year; that the most valuable portion of the year had expired, and that, the business season having gone by, there would be difficulty in reletting for the unexpired term; that equity was administered to both parties by condemning the tenant to pay the future rent, and giving him the benefit of the rents the landlord might obtain from other tenants, the landlord also being held to reasonable diligence in reletting. Our legislature has thought proper to place the contract of lease, so far as concerns the *general* subject of dissolution, on the same footing as contracts generally. It is to be remarked that, whatever apparent equity there may be in the view presented by the plaintiff's counsel, the omission to provide such relief as he asks cannot be considered as accidental. Our Code, in the great mass of its provisions, follows the Code Napoléon. That Code contains an express provision on this subject, which the compilers of our Code have thought proper to omit, *except in a special case.* But, even under the French law, relief is not given to the extent to which the decree of the court below has gone on this occasion. "En cas de résiliation par *la faute du*

---

* The lease was for $60 a month, and was to expire on the 31st October. The amount to become due was for the last four months.

*locataire,* celui-ci est tenu de payer le prix du bail pendant le temps *nècessaire à la rélocation,* sans préjudice des dommages et intérêts qui ont pû résulter de l'abus." Code Nap. art. 1760.

Now a part of this rule is adopted in our Code, but with this change. In the Code Napoléon the expression is general—" résiliation *par la faute du locataire.*" In our Code the relief is given in a single case : " If the lessee *makes another use of the thing than that for which it was intended,* and if any loss is thereby sustained by the lessor, the latter may obtain the dissolution of the lease. The lessee, in *that case,* shall be bound to pay the rent until the thing is again leased out; and the lessee is also liable for all the losses which the proprietor may have sustained through his misconduct." Art. 2681. Immediately succeeding this article is the following : " The lessee may be expelled from the tenement, if he fails to pay the rent when it becomes due." Art. 2682. But no provision is made as to loss, by delay in reletting.

The plaintiff has cited the cases of *Christy* v. *Cazenave* (2 Mart. N. S. 451), and *Reynolds* v. *Swain* (13 La. 193), as sactioning, by analogy, his right, notwithstanding the dissolution of the lease, to a judgment for the rents during the residue of the term. It is unnecessary, upon the present occasion, to enter into a discussion of the principles upon which those decisions were based. It suffices to say that the circumstances presented by those cases were different from those now under consideration. In both those cases the decision was based upon the abandonment of the premises, and the abstraction of the furniture and goods, which are the landlord's pledge. Here the tenant did not abandon the premises, nor abstract his goods. He simply failed to pay his rent, and for this breach of his contract the landlord asked that the lease should be dissolved, and the tenant expelled.

As to the set-off claimed by the defendant, we think it was properly disallowed. It is true that the premises were let as a warehouse, and that there was a scuttle, or opening in the floor, such as is usually made for the purpose of permitting goods to be hoisted into the upper story; but there was no hoisting-wheel when the tenant took possession, and yet he received the premises without objection. It is proved that, though a hoisting-wheel is convenient and useful, it is not indispensable, and it also appears that the tenant made no demand upon the landlord to put one there; he did it himself without consultation, at his own expense. He is entitled, however, to remove it. See Civil Code, arts. 2664, 2697. Also 17 Serg. and Rawle, 415.

It is therefore decreed that so much of the judgment of the court below as decrees the dissolution of the lease and the expulsion of the defendant, and condemns the defendant to pay the sum of $180 and costs of suit in the court below, be affirmed. It is further decreed that so much of the judgment of the court below as sustains the claim of the plaintiff for rent for the residue of the term mentioned in the lease be reversed, and that for said claim there be judgment in favor of the defendant. And it is further decreed that upon said sum of $180, the said plaintiff recover interest from the 1st day of June, 1845, till paid ; and that the costs of this appeal be paid by the plaintiff.