### A. D. GUIN v. COMMERCIAL CASUALTY INSURANCE CO. and Milwaukee Mechanics' Insurance Company.

No. 41152.

Nov. 9, 1953.

J. Vance Thompson, Alexandria, for plaintiff-appellant.

Stafford & Pitts, Alexandria, for defendants-appellees.

MOISE, Justice.

For the reasons stated in the consolidated opinions of Guin v. Commercial Casualty Insurance Company and Milwaukee Mechanics' Insurance Company (Guin v. Calvert Fire Insurance Company, Commercial Credit Corporation, Intervenor), 224 La. 44, 68 So.2d 752, it is ordered that the judgment of the trial court dismissing the plaintiff's suit be reversed and set aside. It is further ordered that the defendant, Milwaukee Mechanics' Insurance Company, pay to the plaintiff the sum of $750. It is further ordered that the demands for penalties and attorney's fees be denied. All costs to be paid by defendant.

68 So.2d 757

### SIRIANOS v. HILL, HARRIS & CO. et al.

No. 39970.

Nov. 9, 1953.

J. M. Shevnin and A. M. D'Angelo, Alexandria, for plaintiff-appellant.

Stafford & Pitts, Alexandria, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiff, George Sirianos, filed this suit seeking to recover damages in amount of $50,000 from his former landlord, the defendants, Hill, Harris & Company (a partnership), owners of a restaurant building on Murray Street in the city of Alexandria, Louisiana, for alleged breach of a contract of lease. Champ L. Baker, claiming an interest in the outcome of the case because of an assignment from the plaintiff, intervened in the suit. The defense in the lower court was that the lease lapsed for nonpayment of rent and that the plaintiff was legally ejected by judgment of the Ninth Judicial District Court. The defendants have filed in this Court a plea of res judicata, having as its basis the judgment in the ejectment suit, which later became final.

It appears that on April 1, 1949, the plaintiff and defendants entered into a contract of lease for a term of five years, the consideration being $22,500, evidenced by sixty promissory notes, each for $375, the first maturing on April 1, 1949, and one on the first day of each succeeding month. Plaintiff immediately began operating a restaurant in the leased premises and payment of rent for the first four months was timely made; however, the rent note due on the first of August was not met. Two days previously the place of business had

been closed by order of the sheriff under an attachment by a seizing creditor, intervenor Champ L. Baker, who had sold plaintiff certain restaurant equipment located in the premises. Efforts by one of the defendant partners to find the plaintiff at his place of business and elsewhere, on August 1 and during the following ten or twelve days, were unsuccessful; notice to vacate the premises followed, but without result, and on August 29 defendants instituted suit to evict the plaintiff for failure to pay rent, in order that the new tenant, Chris Arris, with whom defendants had executed a lease on the 15th of August, could be placed in possession. That suit culminated in ejectment of plaintiff by judgment dated September 3, 1949.

Meanwhile, on August 20, plaintiff had filed this suit against defendants for damages, claiming that they had breached the contract by leasing the premises to another while the lease with plaintiff was in full force and effect. The defendants answered that plaintiff had breached his contract by failing to pay the rent, and cited the ejectment suit, then pending. Champ L. Baker intervened on the side of plaintiff, claiming an interest in the proceedings through previous assignment from plaintiff following his (Baker's) dismissal of the attachment suit. Judgment was rendered rejecting plaintiff's demands, whereupon plaintiff appealed.

According to the provisions of the LSA–Civil Code, "The lessee is bound: * * *

2. To pay the rent at the terms agreed on", Art. 2710, and " * * * may be expelled from the property if he fails to pay the rent when it becomes due." Art. 2712. The lease between the plaintiff and defendants provided that in the event any note installment was not paid promptly at maturity, all of the remaining installments were to become due and payable at the option of the lessor, "without necessity of putting in default, being herein specifically waived by the lessee."

The plaintiff's contention here (which is the basis of this entire suit), that the defendant-lessors breached their contract of lease with plaintiff by leasing the premises to Arris before taking legal steps to eject the plaintiff, is clearly without merit. The record conclusively shows that the plaintiff not only failed to pay his rent for August, but also that he was apparently unable and unwilling to carry out his contract. To allow him to recover under such conditions on the claim that the lessors, following plaintiff's own failure to comply with the contract, had breached their contract by entering into a lease with another, would be unconscionable. The plaintiff has lost nothing, and is in no position to complain. His reliance on a delayed tender by Champ Baker, whose offer of rent, made on August 14, was conditioned upon acceptance of a new tenant for the premises or permitting the new tenant to subrent under plaintiff's lease, does not help his cause, for (1) subletting of the premises was spe-

cifically prohibited by the lease contract, and (2) the defendants were under no obligation to accept a new tenant of Baker's choosing. Moreover, this issue was determined adversely to plaintiff in the ejectment suit and is res judicata. The argument of counsel for plaintiff that the trial court erred in admitting, as evidence in this case, the record in the ejectment proceeding, is not justified by any citation on his part and we know of no legal basis supporting the same.

For the reasons assigned, the judgment appealed from is affirmed.