81 So.2d 769

**Mrs. Ada Boyd WALL**

**v.**

**Joseph H. GREEN (also known as Joseph H. Green, Jr.).**

**No. 41926.**

May 23, 1955.

Rehearing Denied June 30, 1955.

D'Amico & Curet, Baton Rouge, for appellant.

Kizer, Heaton, Craig & Cangelosi, Baton Rouge, for appellee.

HAMITER, Justice.

Under a written contract of date July 15, 1952, as later amended, Mrs. Ada Boyd Wall leased to Joseph H. Green, for a period of five years, certain immovable property owned by her and situated in the Parish of East Baton Rouge. The following provisions, among others, were contained in the lease contract:

1. The stipulated monthly rental payments "must be made on the 15th of each month", in a certain manner and at a designated place, and "failure to pay on the said due date at the place and in the manner stipulated herein of any one installment shall ipso facto and without demand constitute a violation of this lease and allow the lessor the option to demand the entire rent for the whole term or immediately cancel this lease."

2. Lessee must carry insurance on the leased premises, payable to lessor, "at all times during the existence of this lease, and failure to so provide said lessor with said certificate of insurance or original policy * * * shall constitute a violation of this lease without demand or putting in default."

3. "Should the lessee at any time violate any of the conditions of this lease * * * then the rent for the whole unexpired term of this lease shall at once become due and exigible; and in such event lessor shall have the op-tion either at once to demand the entire rent for the whole term or to immediately cancel this lease * * *."

Alleging that the lessee had violated the terms and conditions of the lease, in that he had failed to pay the rent due on January 15, 1953 and also had neglected to furnish evidence of the requisite insurance, the lessor instituted this action against him. Plaintiff first demanded that, through summary process, the defendant be ejected from the leased premises and she be placed in possession thereof. In the same petition she prayed that the defendant be duly cited to appear and answer and that, after due proceedings, she have judgment for all unmatured rent under the lease.

To the petition defendant tendered exceptions of improper cumulation of causes of action, of prematurity, and of no right and no cause of action. At the same time, without reserving his rights under the exceptions, he filed an answer generally denying the material allegations of the petition and affirmatively averring that he had substantially complied with the provisions of the lease.

The trial judge took the exceptions under advisement, after hearing arguments and receiving briefs, and thereafter overruled all of them. In connection with the first mentioned exception, to quote from his written reasons for the rulings, he observed:

"Learned counsel for plaintiff contends that although styled an exception

of improper cumulation of causes of action, defendant's real complaint is one of improper procedure.

"I am of the same opinion. However, the Court has the right of its own motion to take cognizance of such error in procedure, that is that plaintiff is demanding at one and the same time, by rule, a judgment of *possession* and a money judgment for unmatured rent.

"In these circumstances, I am constrained to overrule the exception of improper cumulation of causes of action, but to hold that there is nothing properly before the Court at this time but the rule to show cause why defendant should not vacate the premises and deliver possession thereof to plaintiff under the conditions set out in the lease contract, *reserving to plaintiff by ordinary process, the right to pursue her demand for a judgment for the unmatured rent.*"

The formal judgment decreeing the overruling of the exceptions concluded with the order that "the rule insofar as plaintiff seeks therein to obtain a money judgment be recalled, without prejudice to plaintiff's right to demand the same by ordinary process".

Later, the eviction rule came on for hearing on its merits; and the court, after receiving evidence, made the rule absolute and condemned the defendant to vacate the leased premises without delay and to deliver possession thereof to the plaintiff. The court further decreed, as is shown by the rendered and signed judgment on the merits, that "in all other respects the rule is recalled, reserving to the plaintiff for appropriate process to assert her lessor's lien on the leased premises and her right, if any, to a *judgment for unmatured rent*".

From the judgment defendant appealed to this court. Plaintiff neither appealed nor filed an answer to defendant's appeal.

Under the mentioned exceptions (all of which are reurged here) the defendant complained of plaintiff's having cumulated inconsistent demands in the suit without pleading them in the alternative, one being for his eviction from the premises and the other for his payment of all rents for the unexpired term of the lease. Although the trial judge overruled such exceptions (whether correctly or not is a question that requires no determination) it appears that he fully satisfied defendant's complaint by restricting trial of the cause to the eviction matter and by recalling the rule with respect to the demand for a judgment for unmatured rents.

On the merits the evidence preponderately discloses, just as the trial judge concluded, that the defendant violated terms and conditions of the lease both by failing to pay monthly rentals when due and by neglecting to furnish the insurance policy or certificate as he had obligated himself to do. These violations afforded plaintiff

the option "either at once to demand the entire rent for the whole term or to immediately cancel this lease". True, in several instances delayed rentals were accepted by the lessor; but in view of plaintiff's protest of tardiness on each occasion the acceptances could not possibly have constituted a waiver of the requirement that the payments be made as stipulated.

For the reasons assigned the judgment appealed from is affirmed.