SAVOY, Judge.
This matter is on appeal from a judgment of the district court awarding plaintiffs a money judgment. Appellees answered the appeal praying for certain penalties because they contended the appeal was frivolous and merely for the purpose of delay.
Plaintiffs, as lessors, and defendant, as lessee, entered into a written lease agreement on a commercial building located on Ryan Street in the City of Lake Charles, Louisiana. The lease was executed for a five-year period. Lessee was to pay a monthly rental the first year of $325.00, and $350.00 per month for the second and subsequent years. All lease payments were to be made to Chavanne Real Estate Agency, agent for lessors. Lessee was given the option to renew the lease for an additional five-year period upon the same terms as set forth in the original lease by giving lessors or their agent six months notice prior to the expiration of the primary term of the lease. The lease expired on August 31, 1960. Lessee did not exercise its option to renew but continued to occupy the premises.
In September, 1960, defendant wrote the agent for lessors asking for a reduction in rent. In September, 1960, an official of the Chavanne Agency wrote the president of the defendant corporation, stating that he had spoken to the lessors about the subject of a reduction in rent, and they had agreed to accept $300.00 per month from October 1 through December 31, 1960, but that commencing January 1, 1961, the rent would be $350.00 per month. Defendant never did answer the last letter, but continued to occupy the premises until in May of 1962. For the month of August, 1960, defendant paid $175.00 on the rent, and for the next twelve months, it paid $250.00 per month to lessors, and thereafter it paid $200.00 per month.
The president of the defendant corporation stated that business had decreased approximately 30% due to the economic conditions in Lake Charles, but he never did state that he and Mr. John T. Chavanne, official of Chavanne Real Estate'-Agency and agent for lessors, had agreed on a reduction in rent. Mr. Chavanne stated he and the president of the defendant corporation were good friends; that he traded with the corporation; and that he applied the payments made by defendant on defendant’s account.
Counsel for defendant takes the position that since plaintiffs’ agent accepted a lesser amount of rent than stipulated in the original lease between the parties, plaintiffs are now estopped from claiming the amount stipulated in the original lease.
In support of his position, counsel for the defendant cites the cases of Saxton v. Para Rubber Co., 166 La. 308, 117 So. 235; Whittington Co. v. Louisiana Paper Co., Ltd., 224 La. 357, 69 So.2d 372; and Wall v. Green, 228 La. 59, 81 So.2d 769. The trial judge properly distinguished the cases cited from the instant case in the following language:
“Two of these cases primarily dealt with acquiescence and late payments that would prevent a suit to recover on failure to make a subsequent payment on time without prior written notice of the fact that future payments would be required on time. The other relates to a fraudulent conversion of part of the rent payments by the collection agency. These cases are not applicable to the issues before this court, which dealt solely with the question as to whether or not a reduced rent was agreed upon by the parties.”
After the primary term of the lease in the instant case had expired, it was then on a month-to-month basis. LSA-C.C. Articles 2685 and 2686.
In Monticello v. Delavisio, (La.App., 1 Cir., 1939), 191 So. 162, the court stated that the theory on which reconduction is based is the lack of opposition by the lessor to the lessee’s continued occupancy of the leased premises after their contract has terminated, and also the silence and inaction of the lessor. LSA-C.C. Articles 1817, 2689.
*356 We are of the opinion that the trial court was correct in holding that defendant owed plaintiffs rent at the rate of $350.00 per month after the primary term of the written lease had expired.
The claim by plaintiffs for 15%' penalties is without merit and is denied.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.