TATE, Judge.
The plaintiff Hollier purchased at sheriff’s sale a former tenant’s “right of occupancy” of certain premises for the unexpired term of the lease. By the present action. Hollier sues the landlord-owners (“Boustany”) for possession of the leased premises. The trial court dismissed the suit, holding that the lease had been can-celled before the sheriff seized the tenant’s right of occupancy (in order to sell it at the execution sale at which Hollier bought it).
By the plaintiff Hollier’s appeal, he contends that 'the attempted cancellation of the lease was ineffective. Hollier argues that the landlord, by enforcing the lease and obtaining a judgment for rent for its full term, could no longer cancel the lease thus judicially enforced and held valid for its full term. Alternatively, Hollier contends that the attempted cancellation is null as in fraud of other creditors of the tenant.
*593 The application of the following- principles are at issue in this appeal :
When a landlord secures a judgment against his tenant for the rent for unexpired term of the lease, the tenant retains the right of occupancy, since the landlord has enforced the lease rather than can-celled it. This right of occupancy may be seized and sold by a judgment creditor of the tenant. The purchaser of the right of occupancy has the right to the premises for the full remaining term of the lease without any obligation whatsoever to pay rent, since the obligation to pay rent under the lease has become merged in the judgment in favor of the landlord for the unpaid balance.
See: Walker v. Dohan, 39 La.Ann. 743, 2 So. 281; Burglass v. Villere, La.App.Orl., 147 So. 727; Loyacano v. Villere, Orl., 6 La.App. 37, Orl., Noted, 11 Loyola L.J. 91, 1930. See also Ranson v. Voiron, 176 La. 718, 146 So. 681 and Morrison v. Faulk, La.App. 4 Cir., 158 So.2d 837 for summary of jurisprudence on the question.
In the present case, prior to the present suit, the defendants (“Boustany”) had leased to Clarence DeRousselle for ten years a business building in Lafayette, Louisiana, at a rental of $6500 per year, payable in weekly installments. DeRousselle became delinquent in payments due under the lease. Boustany then on May 17, 1962 obtained a judgment of $49,000 against DeRousselle, representing both unpaid rent and also the accelerated rent for the remaining term of the lease ending in 1970. In execution of this judgment, they caused to be seized and sold all of the movable property on the premises (but not the tenant DeRousselle’s right of occupancy) at sheriff’s sale on June 13, 1962, in partial satisfaction of their judgment.
On June 18, Boustany as landlord and DeRousselle as tenant recorded an instrument authorizing the Clerk of Court of the parish to cancel and erase the Boustany-DeRousselle lease from his records. This is the cancellation which the plaintiff alleges to have been ineffective.
On June 20, two days after recordation of this written cancellation of the lease, the plaintiff Hollier obtained a confession of judgment against DeRousselle in the amount of some $1500. In execution of the judgment, he immediately seized by fi. fa. DeRousselle’s “right of occupancy” in the Boustany-DeRousselle lease. After due advertisement, the plaintiff Hollier then himself purchased for $216 this right of occupancy at sheriff’s sale of August 22.
On the basis of the previously cited jurisprudence, Hollier now claims with some degree of plausibility that, because of this 1962 purchase for $216, he is now entitled to the right of occupancy of the leased premises, without any obligation to pay the former rent of $6500 per year, for the nearly eight years remaining of the lease’s term ending in 1970. Hollier contends that the defendant landlord’s attempted cancellation of the lease of June 18 was ineffective, so that his seizure two days later of the right of occupancy under the lease and its subsequent sale must be recognized as valid.
In so contending, the plaintiff relies upon the square holding of the court in Loyacano v. Villere, Orl., 6 La.App. 37, as stated in its court-prepared syllabus: “When a landlord, having secured judgment against tenant and surety on lease for rent during unexpired term, seizes and sells under fi. fa. the furniture, but not the right of occupancy, which is then seized by another judgment creditor of the tenant, he cannot then sue to cancel lease, because all his rights are crystallized in the judgment.”
However, in the Loyacano case unlike the present, the landlord sued for cancellation of the lease after the judgment creditor’s seizure of the right of occupancy. Here, however, by mutual consent of the landlord and the tenant the lease (which included the tenant’s right of occupancy) had been can-celled before the plaintiff Hollier’s seizure of it. Whatever application the Loyacano holding might have if here the attempted cáncellation had been executed and recorded following a seizure of the right of occupancy, nevertheless the decision is without *594 pertinence here, where, before the plaintiff seized it, the tenant’s right of occupancy-had been extinguished by the cancellation of the lease through the mutual consent of the landlord and the tenant. The decision is not authority for the contention that, after the judgment for unexpired rent, the landlord and tenant could not by mutual agreement cancel the lease or the right of occupancy.
We are unable to see that the plaintiff Hollier has any standing to question the validity of this cancellation, in the absence •of some interest in the right of occupancy at the time the lease was cancelled. At the time of cancellation, Hollier was an unsecured creditor; unless the cancellation was in fraud of his rights as an unsecured ■creditor (see below), we think he is without interest to question as invalid the lease’s .cancellation.
The decisions relied upon by the plaintiff do not hold that the right of occupancy is a separate and distinct entity existing completely independent of the lease. "They merely hold that the right of occupancy, although a right and obligation forming part of the lease, may under certain circumstances be sold independently of oth■er rights and obligations of the lease. The •decisions do not hold that the obligations of -the lease itself or of the right of occupancy thereunder may not as in the usual case be extinguished by mutual consent or by voluntary remission between the parties, LSA-C.C. Arts. 2130, 2199.
We conclude, therefore, that, in the absence of prejudice to some party with interest, the landlord Boustany and the tenant DeRousselle did by mutual consent validly extinguish the tenant’s right of •occupancy by cancelling the lease, even •though the landlord had earlier secured a judgment against the tenant for the unpaid balance of the rent.
The plaintiff also contends, however, that the parties could no longer cancel the lease .at the time they attempted to do so, because the landlord’s lease rights had become merged into and were represented by the judgment alone, so that the lease was no longer in existence to be cancelled.
This argument is based upon general jurisprudential statements that a debt, having been reduced to judgment, is merged therein and no longer exists as a distinct obligation, having acquired the status of the thing adjudged. Cassiere v. Cuban Coffee Mills, 225 La. 1003, 74 So.2d 193, 196. Thus, extinguishment by prescription is governed by statutory provisions relating to judgments, not those relating to the original debt, Cassiere v. Cuban Coffee Mills, cited above; and a landlord, having enforced lease provisions by securing a judgment for the rent for the unexpired term, cannot later sue to exercise the right to cancel the lease which he waived when his lease rights became crystallized in the judgment having the authority of the thing adjudged as between him and the tenant, Loyacano v. Villere, Orl., 6 La.App. 37.
These decisions are not, however, authority that the parties to a judgment cannot by mutual agreement satisfy the original obligation upon which a judgment is founded, so as to make the judgment unenforceable between the parties.
Had there been no prior judgment, unquestionably the lease’s cancellation in writing, executed by both the landlord and the tenant, had the effect between the parties of releasing the landlord from his lease obligation to furnish the tenant the right of occupancy of the premises and of releasing the tenant from his lease obligation to pay further rent for the unexpired term of the lease. In our opinion, as between the parties the mutual cancellation can have no different effect because executed after the landlord had secured a judgment for the rent for the unexpired term.
The plaintiff alternatively contends that nevertheless the cancellation of the lease and the tenant’s surrender of his right of occupancy is invalid or at least voidable as *595 being an unfair preference to the landlord and in fraud of other creditors. See LSA-C.C. Arts. 1970, 1984; Comment, The Re-vocatory Action, 9 Tul.L.Rev. 422 (1935). This contention is based upon the theory that the tenant DeRousselle received no consideration for the surrender of his valuable right of occupancy of the premises, because allegedly the landlord Boustany’s cancellation of the lease was ineffective and did not constitute a cancellation of the judgment for $49,000 future rent, upon which the Boustanys could still execute against the tenant DeRousselle.
However, as a consequence of the mutual cancellation of the lease subsequent to the judgment, the landlord was no longer able to enforce his monied judgment for the unexpired rent; for the tenant’s obligation to pay such rent was discharged by the landlord’s voluntary remission of it, LSA-C.C. Arts. 2130, 2199. A judgment creditor cannot enforce a judgment against his judgment debtor when, subsequent to judgment, the underlying obligation for which it was obtained has been discharged by mutual agreement of the creditor and the debtor. Paige v. Mesisco, La.App. 4 Cir., 157 So. 2d 323; State ex rel. Sunseri v. Thoman, La. App. 1 Cir., 154 So.2d 480.
Since DeRousselle’s right of occupancy was extinguished for substantial and adequate consideration, we find no merit to the plaintiff’s contention that the cancellation of the tenant’s right to occupancy was without consideration and thus a fraud upon the rights of other creditors.
For the foregoing reasons, we affirm the trial court’s dismissal of the plaintiff’s claim to the right of occupancy of the premises formerly leased by the defendants Boustany to DeRousselle. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.