HALL, Judge.
This is a summary eviction proceeding brought by plaintiff-lessor to which defendant-lessee filed an exception of no right or cause of action. The Trial Judge rendered judgment maintaining the exception and dismissing plaintiff’s suit at its cost. Plaintiff appealed.
In its petition plaintiff makes the following allegations:
That plaintiff is the owner of the premises 327 Bourbon Street in the City of New Orleans and that the ground floor of these premises is leased to defendant by written lease for a base rental of $750.00 per month payable in advance or 3% of the monthly gross income of lessee’s business whichever is greater; that the expiration date of the lease as extended is February 28, 1972, all as shown by the written *409 lease attached to and made part of the petition.
That the lease contains the following pertinent provisions in lines 119 to 135 thereof:
“Should the Lessee at any time violate any of the conditions of this lease * * * or fail to pay the rent * * * punctually at maturity, as stipulated * * * and should such violation continue for a period of five (5) days after written notice has been given Lessee, then at the option of the Lessor, the rent for the whole unexpired term of the lease shall at once become due and exigi-ble; and Lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past due installments only, reserving its right to later proceed for the remaining installments, all without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises * *
That on July 3, 1968 plaintiff delivered to defendant by hand a letter placing defendant on notice to terminate and correct the lease violations listed in said letter within five days as provided by said lease. That instead of correcting such violations, including failure to pay the rent then overdue, or to provide required insurance, etc., the defendant did nothing.
That at a special meeting of plaintiff’s Board of Directors held July 12, 1968 plaintiff exercised the option granted to it to at once demand the payment of the entire rent for the whole unexpired term of the lease.
That by letter dated July 13, 1968 plaintiff notified defendant of its exercise of said option and demanded payment of the rent for the entire term amounting to $33,000.00. That the said letter further constituted a five day notice to pay said accelerated rent, and a reiteration of the notice to correct the other violations of the lease referred to in the letter of July 3.
That the only response received to the foregoing demands and notices was a letter which reiterated the intention of defendant to continue to violate said lease, and to ignore such actions and demands for a correction of such violations, all of which defendant has continued to do.
That plaintiff has given defendant written notice on July 23, 1968 to vacate the premises but defendant has not complied with said notice and plaintiff is entitled to have defendant evicted from the premises, and to recover attorney’s fees as provided in the lease.
That plaintiff further reserves all rights to collect, receive, and sue for rents due under the lease, and for its loss and damage by reasons of the violations thereof together with attorney’s fees as provided in the lease.
A copy of the lease and copies of plaintiff’s letters of July 3 and July 13, 1968, are attached to and made part of the petition. Also attached to and made part of the petition is a certified copy of the resolution adopted by plaintiff’s Board of Directors on July 12, 1968, exercising its option “to at once demand the payment of the entire rent for the whole unexpired term of the lease” from defendant and its sureties, a certified copy whereof was enclosed in its letter to defendant dated July 13, 1968. Also attached to and made part of the petition is the notice served on defendant to vacate the premises “ * * * because of non-payment of rent in the sum of $33,000.00 and other violations of the terms of the said lease of which you have been notified * *
The letter of July 3, 1968, listed seven violations of the lease which defendant was called upon to correct within five days, “failing which [plaintiff] reserves the right to exercise its options in accordance with the terms of the lease.” Among the seven violations listed is failure to pay the rent due on July 1, 1968, failure with *410 respect to lessee’s obligations with reference to insurance, failing to obtain building permits for alterations, making unauthorized alterations to the premises and various other alleged violations.
Defendant’s exception of no cause or right of action is based on the proposition that plaintiff, having exercised its option to demand the entire rent for the whole term of the lease, it cannot now cancel the lease by evicting the tenant for the same violations.
We are of the opinion that the Trial Judge properly maintained the exception. Plaintiff had the choice of two remedies in the event of violation of the lease by defendant. It could either demand the rent for the entire term of the lease or cancel the lease by evicting the tenant. Each remedy excludes the other. Holding the defendant liable for the accelerated rent had the effect of keeping the lease in force. This principle of law is well settled.
In Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429, the Supreme Court stated:
“ * * * If the lessee fails to pay his rent as it matures, the lessor may hold him liable for the rent due for the expired term of the lease, and may sue to dissolve the contract and evict the lessee, or, if he should so elect, he may hold the lessee for the rent, both for the expired and the unexpired terms of the lease, and may sue accordingly. If, however, he elects to avail himself of the latter right, he elects to continue the contract in force, notwithstanding the default of the lessee in his payments, and thereby accords to the latter the right to remain on the premises and to use them in accordance with the terms of the lease, and continues in force the obligation imposed by law upon him to maintain the lessee in the peaceable possession of the property. * * * ”
See also: Kinchen v. Arnold, La.App., 60 So.2d 114; Hollier v. Boustany, La.App., 180 So.2d 591 (writ refused 248 La. 911, 182 So.2d 662).
The lease allows plaintiff only one election of remedies. Having formally elected to pursue one remedy it cannot change its mind and pursue the other. In our opinion plaintiff’s sole remedy in the present case is to file suit for the rental demanded by it.
Plaintiff points out that in its letter of July 3, 1968, defendant was given five days notice to correct certain violations of the lease; that defendant failed to do so; that on July 12 plaintiff’s Board of Directors exercised its option to demand payment of the rent for the unexpired term of the lease, and that in its letter of July 13, it made demand for this rental amounting to $33,000.00 and gave defendant five days notice to pay this amount as well as a second five days notice to correct the lease violations set forth in its letter of July 3.
Plaintiff apparently takes the position that defendant’s failure to pay the $33,000.-00 rental demanded (as well as its failure to correct the lease violations noted in its July 3 letter) had the effect of giving it the right to evict the tenant. We find no merit in this contention. The action of plaintiff’s Board of Directors in electing to accelerate the rental rather than to evict the defendant was based upon defendant’s failure to correct each and every one of the violations noted in its letter of July 3. Having made such election it could not later elect to cancel the lease for any of these past violations; and certainly defendant cannot be evicted for non-payment of the $33,000.00 rental demanded. Plaintiff’s only recourse for that is a suit for a money judgment.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.