REDMANN, Judge.
After exceptions referred to the merits and after answer filed in this suit for rents due under a lease and for cancellation of the lease, plaintiffs filed and had defendants served with a “supplemental and amended petition”, obtaining ex parte an order authorizing its filing.
The supplemental petition added to the original demand the additional monthly rentals (less credits) which had accrued as of the supplemental petition.
Defendants filed no answer or other pleading to the supplemental petition, and judgment by default was confirmed against them, awarding the entire amount of rent claimed and cancelling the lease. From that default judgment defendants appeal.
We have considerable doubt that a default judgment is ever authorized for lack of answer to a supplemental or an amended petition where answer to the original petition was filed, see LSA-C.C.P. art. 1701, or where an exception remains undecided, see Johnson v. Walgreen Louisiana Co., 163 So.2d 830 (La.App.1964).
But we believe the circumstances of this case require us first to consider whether the supplemental petition was properly before the court. We believe it was not, and we therefore do not discuss whether a defendant is required to answer, nor the effect of failure to answer, a properly permitted supplemental petition.
C.C.P. art. 1155 provides:
“The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damages, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.”
The added petition here was not merely an amendment to the original petition, which may be filed “by leave of court”, art. 1151. It set forth “items of damage * * * which have become exigible since the date of filing the original petition”. It therefore could only have been permitted “on motion * * *, upon reasonable notice * * *.”
The view that the quoted language of art. 1155 requires a contradictory motion has been expressed in Wallace v. Hanover Ins. Co. of New York, 164 So.2d 111, 119 (La.App.1964), cert. denied, 246 La. 598, 165 So.2d 486; see also Tate, Amendment of Pleadings in Louisiana, 43 Tulane L.Rev. 211, 223 (1969). This procedure may be somewhat cumbersome for as simple a supplement as additional monthly rentals accrued since the original petition; but it appears to be required by the quoted language.
We also note, in any case, that art. 1155 coiitains no requirement of a responsive pleading to a supplemental petition, unlike art. 1151 which does require such to an amended petition. Nor does art. 1155 contain a provision similar to that of its source, Fed.R.Civ.P. 15(d), authorizing the court to order an answer if deemed advisable.
We hold the supplemental petition improperly filed. The answer to plaintiffs’ earlier demands plainly prevented a default as to those demands, and there was thus no unanswered petition which might (if otherwise authorized) have supported the default judgment appealed from.
The judgment is accordingly set aside and the matter remanded. Plaintiffs are to pay the costs of this appeal; all other costs to await final determination.
Set aside and remanded.