243 So.2d 262

**327 BOURBON STREET, INC.**

v.

**PEPE, INCORPORATED.**

No. 50436.

Jan. 18, 1971.

Rehearing Denied Feb. 10, 1971.

Steeg & Shushan, Rader Jackson, New Orleans, for defendant-appellee-respondent.

James J. Morrison, Jr., New Orleans, for plaintiff-appellant-applicant.

TATE, Justice.

The plaintiff's eviction proceedings were dismissed upon an exception of no cause of action. La.App., 230 So.2d 408. We granted certiorari. 255 La. 907, 233 So.2d 560.

The principal issue is whether, after (due to breach of lease condition) a landlord has accelerated the payment of the rentals for the entire unexpired term of the lease, he may nevertheless evict the tenant from possession of the premises before expiration of the term.

The allegations of the petition and attached exhibits show:

The landlord ("Bourbon") leased to the tenant ("Pepe") certain premises for a term of five years. The monthly rental is $750 per month. The lease contains a provision that, upon breach of any lease condition (including nonpayment of the rent), the landlord may, after five days' notice and the tenant's failure to rectify the breach(es), demand the rent for the entire unexpired term of the lease.[1]

Some eighteen months into the term of the lease, the landlord Bourbon notified the tenant Pepe of certain breaches of the lease, including failure to pay the monthly rent then due, failure to maintain insurance, and several other violations. Eight days later, Bourbon notified Pepe by letter that, pursuant to the lease option, it demanded payment of the accelerated lease rental for the remainder of the term, amounting to $33,000.

The present eviction proceedings were subsequently filed. See LSA–C.C.P. Art. 4701 et seq. By them, the landlord Bourbon prays for judgment ordering the tenant Pepe to vacate the premises. Essentially, the landlord contends it is entitled to possession of the premises because of the tenant's nonpayment of the $33,000 rent due and for its failure to correct the other violations noted.

In contending that Bourbon has no right to evict its tenant, Pepe argues that, by exercising the lease option to accelerate the rents for the remainder of the term, Bourbon had elected to enforce the lease and not to cancel it, so therefore had no right to possession of the premises. The trial and intermediate courts upheld this contention.

These courts relied upon Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429 (1923). The actual holding of *Stearns* is only that a landlord may not both evict a tenant and also demand rent for a lease period following the eviction.

This decision contains language to the effect that a landlord cannot both *"sue"* for rent for the unexpired term and also disturb his tenant's right of occupancy. The cited opinion further states that, where the landlord has exercised his option to accelerate the rent, he elects to continue the lease contract in force and thereby accords his tenant the right to remain on the premises.

This latter dictum relied upon by the defendant tenant was intended only as a general statement of the principle that ordinarily a landlord may not both enforce his right to receive the accelerated rent and at

---

1. The lease further provides that, if the landlord evicts the tenant for breach of the lease, the former may at his option re-lease the premises and apply the net rentals received against the tenant's obligation for rent.

the same time deny his tenant the right to occupancy for the term represented by the accelerated rent. Sigur v. Lloyd, 1 La. Ann. 421 (1846).

By these proceedings, however, the present landlord is not seeking to do more than to evict his tenant. He is not also attempting to enforce his option to receive accelerated rent.

Thus, the allegations show that the landlord, Bourbon, prays to evict the tenant Pepe for nonpayment of the rent and for other lease violations. Aside from lease provisions to such effect, these breaches entitle the landlord to cancel the lease and obtain possession of the premises. Civil Code Articles 2711, 2712, 2727.

These allegations state a cause of action for eviction. La.Code of Civil Procedure Article 4701 provides for eviction when a tenant's "right of occupancy has ceased because of termination of the lease by * * * non-payment of rent, or for any other reasons * * *." The previous courts were in error in holding otherwise.

If we assume, as the defendant wishes, that the landlord is irrevocably bound (although we doubt it) through his prior letter accelerating the $750 monthly rent, nevertheless the pleadings show that such landlord has demanded the $33,000 rent due and has not been paid. We are aware of no requirement of law that the landlord's only remedy is to obtain a monied judgment for the accelerated balance due.

■ Instead of enforcing the lease contract by suing for the accelerated balance, a landlord may, as here, sue for possession of the premises for nonpayment of the rent or breach of other lease conditions. Wall v. Green, 228 La. 59, 81 So.2d 769 (1955), Noted, 16 La.L.Rev. 250 (1956); cf., Hollier v. Boustany, La.App., 180 So.2d 591 (1966), cert. denied 248 La. 911, 182 So.2d 662 (1967). He may thus (at least if judgment results) terminate the lease by evicting the tenant.

We are not here called upon to determine whether such cancellation of the lease by the landlord also terminates, along with the tenant's right to occupancy, the tenant's obligations under the lease for the remaining period of its term, including that for accelerated rent beyond the day of actual eviction. See: Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429 (1923); Sigur v. Lloyd, 1 La.Ann. 421 (1846); Maggio v. Price, 1 So.2d 404 (La.App. 1st Cir., 1941). Cf., Sirianos v. Hill, Harris & Co., 224 La. 60, 68 So.2d 757 (1953).

■ In summary, then, the present landlord has stated a cause of action to evict the tenant for nonpayment of the rent and breach of other lease conditions. Since the landlord does not make judicial demand also for the accelerated rent, he has not elected to enforce the lease as well as to cancel it; he is thus not barred from evic-

**583**

tion by any doctrine of election of remedies.[2]

For the reasons assigned, the judgment sustaining the exception of no cause of action and dismissing this eviction suit is reversed. The case is remanded for further proceedings not inconsistent with the views here expressed. The defendant-appellee is to pay the costs of the appeal and of review by this court; all other costs to await final disposition of these proceedings.

Reversed and remanded.

Rehearing denied.

DIXON, J., does not participate.

2. We do not mean to indicate agreement with defendant's argument that, once effective election to accelerate the rent has taken place (for example, by judgment for the unpaid balance), that then the tenant might not be evicted for breach of other conditions of the lease, such as maintaining insurance on the premises. We assume, however, that if the lease is cancelled for such other cause, the landlord's right to the accelerated rent beyond the period of occupancy might be terminated or at least subject to credit for the rental value of the premises for the remainder of the term.