WATSON, Judge.
Plaintiff-lessor, Effie A. Manuel, filed this suit against defendant-lessee, Wilfred “Brud” Soileau, seeking the cancellation of a lease of her motel and lounge on the ground that defendant failed to pay the utility bills and otherwise failed to operate the business properly. In her original petition, filed June 30, 1973, plaintiff neither alleged nor prayed for recovery of past due rent. In a supplemental petition filed July 10, 1973, plaintiff alleged that defendant had not paid the $750 rental due June 24, 1973. However, she did not pray for this rent but asked only cancellation of the lease and damages. Defendant filed a re-conventional demand for damages. The trial court denied plaintiff’s claim for damages and rejected recovery for past due rent on the ground that plaintiff did not allege or pray for rent. Plaintiff’s' right to assert a claim for unpaid rent, unpaid electric bills and various items allegedly missing was reserved in the trial court’s judgment. Defendant, Wilfred Soileau, was given judgment for $250 for “personal inconvenience” resulting from the electricity being disconnected at the motel by plaintiff. Defendant’s right to claim amounts allegedly due for improvements to the leased premises was also specifically reserved.
Plaintiff has appealed.
This appeal involves the following issues: (1) Is plaintiff entitled to recover past due rent under a lease when she did not pray for and only in part alleged delinquent rentals ? (2) Is defendant entitled to recover the damages on his reconven-tional demand awarded by the trial court?
On March 23, 1973, Effie A. Manuel leased the Tournoi Motel and Lounge to Wilfred “Brud” Soileau for one year at a monthly rental of $750, payable in advance. Plaintiff testified that the last payment she received from defendant was mailed to her in July to satisfy the rent due for the month of June. Defendant was forced to vacate the premises under a judgment of eviction rendered November 15, 1973.
Although in her amended petition plaintiff only alleged rent for one month had not been paid, she testified that rent was due for four months and for part of a fifth month or a total of $3,050. '
On the question of plaintiff’s right to recover additional rentals, the trial court held that these rentals were special damages which had to be pleaded under LSA-C.C.P. art. 861. We agree with this result.
The plaintiff-lessor here only sought dissolution of her lease and damages for injury to reputation and various items allegedly missing from the premises. Her intention is shown by a letter from her counsel to opposing counsel stating that the amended petition did not enlarge plaintiff’s original demand. Introduced into evidence as D-2, the first paragraph of that letter reads as follows:
“Enclosed herewith is a copy of the amended petition which I have this day filed in the record. As you can see, we are merely alleging new reasons why the lease should be dissolved and are not increasing or changing our prayer in any way.” (TR. 55)
Although the evidence as to the rentals which had become due since filing of suit was admitted without objection, the evidence was admissible on the issue of fault in termination of the lease and did not enlarge the pleadings. LSA-C.C.P. art. 1154; Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973); Cameron v. Krantz, 299 So.2d 919 (La.App. 3 Cir. 1974); and 327 Bourbon Street, Inc. v. *835 Pepe, Incorporated, 257 La. 577, 243 So.2d 262 (1971).
No order was obtained to authorize the filing, of the supplemental petition and no objection was raised to this omission.
Plaintiff’s attorney represented to opposing counsel that the supplemental and amending petition did not enlarge • the pleadings. It would have been necessary for the petition to be filed with leave of court under the provisions of LSA-C.C.P. art. 1155. A supplemental or amended petition asking rent under a lease accrued since the original demand is only allowed on motion and order. Lakeside Rambler Sales, Inc. v. Durad Corporation, 239 So.2d 491 (La.App. 4 Cir. 1970).
We do not know whether defendant had defenses to the claim for unpaid rent. If he did, then he was somewhat misled by the manner in which the claim for rent developed. The trial court was correct in holding that plaintiff could not recover the past due rent and in reserving her right to further proceedings.
As to the award of $250 in damages to defendant-lessee, the electricity was apparently disconnected for a few hours one afternoon at plaintiff’s request. This resulted from the fact that plaintiff had been contacted several times by the electric company, CLECO, in regard to past due bills from the motel. Mr. Hugh Bordelon, the manager of CLECO, corroborated plaintiff’s testimony to the effect that defendant had been overdue in paying his bills on several occasions. Both plaintiff and defendant stated that the electricity only remained off for a few hours one afternoon and was reconnected at plaintiff’s request. The evidence clearly supports the trial court’s finding that defendant did not prove any actual loss to his business as a result. Further, we do not believe that the evidence supports the $250 award to defendant for “personal inconvenience”. As Mr. Bordelon testified, the account was primarily .the responsibility of plaintiff, Effie A. Manuel, and if her tenant, Wilfred “Brud” Soileau, defaulted, the electric company would have looked to Mrs. Manuel for payment of the account. Also, Mr. Bordelon testified that Mrs. Manuel had a deposit of $500 or more to cover the account and this would be available to the electric company in the event of her tenant not paying timely. Mr. Soileau admitted that the bill could have been overdue although he stated “. . . .it wasn’t cutoff time . . . .” (T.R. 143) Mr. Manuel did not know whether anyone was at the motel when the electricity was cut off. Although defendant did call his lawyer about the electricity, we do not believe that he was entitled to recover $250 as a result. Mrs. Manuel had a legitimate reason to be concerned about payment of the electric bill since she was ultimately responsible. The defendant showed no loss of profits, was unsure about the length of time the electricity was disconnected and suffered at most only slight inconvenience. The evidence is insufficient to sustain the award of the trial court to defendant of $250 and this part of the judgment of the trial court is reversed. DiGiovanni v. April, 261 So.2d 360 (La.App. 1 Cir. 1972).
Since we have not decided the question of what rentals, if any, are due plaintiff, we do not find it necessary to consider defendant’s contention that the lease is a nullity because of a potestative condition and therefore no rental is due plaintiff.
All costs are assessed half against each party.
Affirmed in part; reversed in part.
CULPEPPER, J., concurs in part and dissents in part and assigns written reasons.