321 So.2d 42 (1975)
LEE LUMBER COMPANY, LTD., Plaintiff-Appellant,
v.
INTERNATIONAL PAPER COMPANY, Defendant-Appellee.
No. 5172.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Rehearing Denied November 13, 1975.
Writ Refused January 9, 1976.
*43 Polk, Foote, Randolph & Percy by Lamar Polk and George M. Foote, Alexandria, Sirote, Permutt, Friend & Friedman by Robert B. Eubanks, Birmingham, Ala., for plaintiff-appellant.
Madison, Files, Garrett, Brandon & Hamaker by David I. Garrett, Jr., and Merwin M. Brandon, Monroe, Gold, Hall, Hammill & Little by Donald Sharp, Alexandria, for defendant-appellee.
Before DOMENGEAUX, WATSON and HALL, JJ.
WATSON, Judge.
Plaintiff, Lee Lumber Company, Ltd., filed this suit against defendants, International Paper Company and Willet Timber Company, Inc., asking that a contract dated June 1, 1946, by which Lee leased some 18,000 acres of Louisiana timberland in the parishes of Rapides, Grant and Avoyelles to International be cancelled and Lee be placed in possession of the land. By a prior agreement, Lee had sold all of the timber on the land to International. The primary purpose of the lease was future use of the land in growing timber. The other defendant, Willet, was alleged to be exercising the rights granted to International under the lease agreement. The term of the lease was 61 years and five months, commencing January 1, 1945, and the annual rental was $1400. International filed a peremptory exception of prescription to plaintiff's action. This was sustained by the trial court which dismissed plaintiff's suit. Plaintiff Lee has appealed from the adverse judgment.
In connection with this appeal, plaintiff Lee has filed a motion to delete from the appellate record the interrogatories addressed to International and the answers, together with exhibits attached to the answers. This material is included in a supplement and was left out of the original appellate record at the request of Lee and then filed with this court at the request of International. International opposes the motion contending that the answers to the interrogatories form part of the record of this appeal, although not offered in evidence. The interrogatories and answers cannot be considered by this court, because they were not introduced into evidence. Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App. 1 Cir. 1975).
Plaintiff-appellant Lee contends on appeal in essence that:
(1) The contract of lease is an absolute nullity because of a potestative condition and therefore the five and ten-year prescriptive periods found in Articles 2221 and 3542 of the Civil Code do not apply; and
(2) Plaintiff's causes of action for cancellation of the lease have not prescribed.
The questions presented by the appeal are:
(I) Is the lease an absolute nullity because of a potestative condition?
(II) Have plaintiff's causes of action prescribed?
*44 I. Existence of a potestative condition in the lease.
The portions of the contract of lease which are alleged to constitute a potestative condition are as follows:
"Said annual rental may be reduced by the release of lands by lessee as hereinafter provided.
* * * * * *
"The lessee shall have the right to release from this contract any portion of or all of said lands during the term herein provided and be relieved of its obligation to pay rental on the land so released.. . . The annual rental herein provided to be paid by lessee to lessor shall be reduced to the extent of 8¢ per acre per year on all land so released by the lessee pursuant to the provisions of this paragraph."
The trial court found that the above provisions of the lease did not constitute a potestative condition. The pertinent codal articles are as follows:
LSA-C.C. art. 2024:
"The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."
LSA-C.C. art. 2034:
"Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."
LSA-C.C. art. 2035:
"The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor's will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void."
LSA-C.C. art. 2036:
"An obligation may also be made, by consent of the parties, to depend on the will of the obligee for its duration. Thus a lease may be made during the will of the lessor, and a sale may be made conditioned to be void, if the vendor chooses to redeem the property sold."
A similar contention in connection with a contract of lease was made in Thibodeaux v. Boeuf Land Co., Inc., 303 So.2d 576 (La.App. 1 Cir. 1974) and McCain v. Continental Can Company, Inc., 299 So.2d 454 (La.App. 2 Cir. 1974), writ refused La., 302 So.2d 308. In both cases the unilateral right of the lessee to continue or cancel the lease was upheld. In McCain the right was analogized to an option.
If Lee and International chose to agree that the lessee was to have the continuing right to release a portion or all of the land leased, that was their prerogative under LSA-C.C. art. 2036.
Therefore, we agree with the trial court that the lease is not void because of a potestative condition. See 47 Tulane Law Review 284.
II. Prescription.
A. Five and Ten Years' Prescription
The trial court held that plaintiff's action to cancel the contract of lease for nullity had prescribed under the provisions of LSA-C.C. art. 3542[1] and that, if the *45 prescriptive period of art. 3542 did not apply, then the ten-year period of LSA-C.C. art. 2221[2] was appropriate. In either case, the trial court held plaintiff's cause of action had prescribed.
While we have been favored with excellent and extensive briefs, suggesting many authorities, we have been cited to none which would take the contract of lease out of the provisions of Articles 3542 and 2221.
A major argument of appellants is that the lease rental, approximately 7.7¢ per acre per year, is not a serious consideration (or cause, to use the civilian term) and is out of proportion with the value of the thing. For that reason, the argument goes, the lease is an absolute nullity and the present action is not prescribed. This argument is not persuasive for the reason that appellant, logically, is required to contend that the consideration (cause) was not serious and was out of proportion at the time the contract of lease was confected. Therefore, the prescriptive period during which the objection could be raised as to lack of serious consideration (cause) began to run when the agreement was made, and the period has run. The base agreement was made 30 years ago. The lessor cannot now be heard to contest the lack of serious consideration or cause.
Therefore, we agree with the trial court that plaintiff's alleged cause of action to cancel for lack of serious consideration or cause has prescribed.
B. Lesion
Appellant suggested in the trial court the nullity of the lease for lesion beyond moiety, although this theory is not urged on appeal. We note merely that we agree with the trial court that lesion is not applicable, and in any event, is subject to the prescription of four years. LSA-C.C. arts. 1862 and 1876.
C. Prescription as to Rent and Taxes
Plaintiff's petition contains an allegation that International has not paid the stipulated annual payments of $1400 under the terms of the contract and the annual taxes on the timber and cutting rights. This allegation, if true, states a cause of action which has not prescribed. International's obligation to pay rent under the lease is a continuing one. Unquestionably, the failure of lessee International to fulfill its obligations under the lease would give cause for dissolution. LSA-C.C. art. 2729. A lessor may recover possession of leased premises for non-payment of the rent or breach of another condition of the lease. 327 Bourbon Street, Inc. v. Pepe, Incorporated, 257 La. 577, 243 So.2d 262 (1971); Bouterie v. Kleinpeter, 258 La. 605, 247 So.2d 548 (1971).
For the foregoing reasons, the judgment of the trial court dismissing the suit of plaintiff, Lee Lumber Company, Ltd., is affirmed insofar as the trial court held the plaintiff's causes of action to nullify the lease on the grounds (1) that it contains a *46 potestative condition (2) that the consideration or cause was not serious and (3) lesion beyond moiety have prescribed, but is reversed in part and the matter is remanded for trial on the merits of the plaintiff's allegations with regard to the failure of International Paper Company to comply with the provisions of the lease concerning rentals and taxes.
All costs to await final disposition.
Affirmed in part, reversed in part and remanded.
NOTES
[1] LSA-C.C. art. 3542

"Art. 3542. Actions prescribed by five years
Art. 3542. The following actions are prescribed by five years:
That for the nullity or rescission of contracts, testaments or other acts.
That for the reduction of excessive donations.
That for the rescission of partitions and guarantee of the portions.
This prescription only commences against minors after their majority."
[2] LSA-C.C. art. 2221

"Art. 2221. Prescription for action of rescission
Art. 2221. In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years.
That time commences in case of violence, only from the day on which the violence has ceased; in case of error or deception, from the day on which either was discovered, and for acts executed by married women not authorized, from the day of the dissolution of the marriage or of the separation.
With regard to acts executed by persons under interdiction, the time commences only from the day that the interdiction is taken off; and with regard to acts executed by minors, only from the day on which they become of age."