FORET, Judge.
This is a suit by the grantor of a mineral lease option against the optionee seeking to have the option agreement set aside. The optionee reconvened, seeking specific performance under the option agreement. The trial court rejected plaintiffs’ demands, held the option agreement was valid, and granted defendant’s reconventional demand requiring plaintiffs to specifically perform their obligations under the option. From such adverse judgment plaintiffs have perfected this appeal.
The facts of this case are essentially undisputed. Hardy P. Bullock was the owner of an undivided 31/ioth interest in a certain piece of property in Rapides Parish, Louisiana, and had a usufruct of the other 9/«th interest, the naked ownership of which was held by his children. On May 10, 1977, he executed the disputed option agreement with defendant, Louisiana Industries, entitling it to explore and test on the property for sand and gravel and giving it the option to enter into a mineral lease to mine the property. On July 26, 1977, Hardy P. Bullock donated his interest in the property to his children. After defendant made several exploratory drill holes on the property, plaintiffs contacted defendant with certain demands which culminated in the filing of the present suit on September 27, 1977. Louisiana Industries subsequently attempted to exercise its option to lease the property, but performance was refused by Hardy Bullock and his children.
Plaintiffs’ suit seeks to set aside the option agreement; defendant’s reconventional demand seeks specific performance under that agreement. The trial court rejected plaintiffs’ demands and upheld defendant’s reconventional demand. On appeal, plaintiffs urge three errors by the trial court:
(1) The court was in error in holding that the proposed lease is not a unilateral contract;
(2) The court erred in failing to hold that the proposed lease does not contain certain potestative conditions which would make the lease void;
(3) The court erred in failing to hold that the lease was unconscionable.
We will treat these specifications of error in the order given.
Plaintiffs allege that the contract in question is void as a unilateral contract, arguing that only Mr. Bullock is bound to perform under it (to execute the mineral lease). This contention is untenable as it is obvious that both parties are bound. Mr. Bullock is bound to execute the mineral lease upon exercise by defendant of its option, and defendant is bound to make rental and royalty payments to him.
The second contention of plaintiff is that the agreement in question contains potestative conditions, urging first that defendant is not bound to mine for sand and gravel. It is true that defendant does not have to mine under the agreement, however it is clear that defendant is bound to pay a rental fee on the property until actual production starts, after which it is bound to pay royalties. This provision does not invalidate the contract. See Thibodeaux v. Boeuf Land Company, Inc., 303 So.2d 576 (La.App. 1 Cir. 1974) and Lee Lumber Company Ltd. v. International Paper Co., 321 So.2d 42 (La.App. 3 Cir. 1975).
*150 Plaintiffs also allege that the unilateral right of defendant to terminate the lease on a 20-day notice constitutes an invalidating potestative condition. As the trial court correctly stated:
“This is not a purely potestative condition and thus does not render the lease null because defendant will be losing their time and money invested in drilling for sand and gravel. Nabors Oil Corp. v. Samuels, 170 La. 57, 127 So. 363 (1930).”
See also McCain v. Continental Can Co., Inc. 299 So.2d 454 (La.App. 2 Cir. 1974), writ refused, 302 So.2d 308 (La.1974) where a timber lease provision (alleged to be potestative) provided that if the lessee failed to pay the annual taxes on all or any part of the land involved, that portion of the land on which taxes were not paid would be released from the lease agreement. This Court held that this stipulation which would allow defendant to terminate the contract partially or wholly at its desire did not create a potestative condition which would invalidate the contract.
In the case of Lee Lumber Co. Ltd. v. International Paper Co., supra, this Court followed that prior reasoning in holding that a lease provision that gave the lessee the right to cancel the contract as to all or any part of the land did not invalidate the contract. In that case, we noted that the provision in question came under La.Civil Code Article 2036[1] as a resolutory condition specifically allowed and not a purely potes-tative condition as envisioned by Articles 2034 and 2035[2]. The condition in the present case requires the same conclusion. See also 47 Tulane Law Rev. 284.
The third objection raised by plaintiffs on appeal is basically that this contract was inequitable in that defendant took advantage of the lack of knowledge of Mr. Bullock as to the amount of royalties he should receive. We agree with the trial judge’s holding and reasoning in this matter where he stated (after quoting the Civil Code articles on Equity 13 and 21)[3]:
“In this case the law is express as it relates to each allegation of invalidity put forth by the plaintiff and the court feels constrained to follow it. The cases which plaintiffs cite in support of their equitable argument deal with incidents in which serious consideration could not be found. In those cases, the consideration was almost nothing and the agreements were properly set aside. However, in this case as discussed above, the consideration was serious and the option and lease agreement cannot be set aside on the basis of lack of seriousness.”
The competency of Mr. Bullock was not at issue and neither was his negotiating ability. While the price he received is perhaps not the highest he could have received, neither is it so low as to enable this Court to interfere with a valid business transaction.
RECONVENTIONAL DEMAND
We quote with approval the trial judge’s reasons for judgment:
*151 “In addition to answering plaintiffs’ petition, defendants filed a reconventional demand asking that the option agreement be specifically enforced against the plaintiffs. An option agreement is subject to specific performance. J. F. Auderer Laboratories, Inc. v. Deas, 223 La. 923, 67 So.2d 179 (La.1953); Fontenot v. Manuel, 281 So.2d 156 (La.App. 3 Cir. 1973). The Court has found that the option agreement and accompanying lease are valid and it is stipulated that the defendant properly exercised the option, therefore, Hardy P. Bullock must specifically perform the terms of the option agreement by executing the accompanying lease. The other defendants in reeonvention must also specifically perform the agreement to the extent of their interest [31/io ths] gained through the donation to them by Mr. Bullock.”
We note parenthetically that defendants-in-reconvention are not bound by this agreement as to the undivided 9/ioth naked ownership which they previously held. We also note that:
(1) A usufructuary of land (as Mr. Bullock was of an undivided %oth interest) by Article 188 of the Mineral Code, does not have the land owners’ rights in minerals and thus Mr. Bullock had no right to lease the %oth interest in the minerals which belonged to the naked owners (the children);
(2) As a co-owner of the property, he could (and did) execute a mineral lease as to his undivided interest in the land but a “lessee may not execute his rights thereunder without consent of the other co-owners of the land”. La.Mineral Code Article 166. See the Official Comments under Articles 164 and 166. See also Sun Oil Co. v. State Mineral Board, 231 La. 689, 92 So.2d 583 (1956); GMB Gas Corp. v. Cox, 340 So.2d 638 (La.App. 2 Cir. 1976); Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277 (1919).
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants.

AFFIRMED.

.Art. 2036. Conditions depending upon will of obligee
Art. 2036. An obligation may also be made, by consent of the parties, to depend on the will of the obligee for its duration. Thus a lease may be made during the will of the lessor, and a sale may be made conditioned to be void, if the vendor chooses to redeem the property sold.

.Art. 2034. Nullity of obligation based on potestative condition
Art. 2034. Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.
Art. 2035. Conditions depending upon will of obligor
Art. 2035. The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.

.“Article 13: When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.
Article 21: In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”