BREAUX, C. J.
Relator complains of the decision of the lower court in holding that the lessor’s claim was secured by privilege on the rent of the property leased.
The lessor, it seems, claims payment of the rent and the amount for which the occupancy of the unexpired lease sold at public auction.
*359 The relator is a judgment creditor of the respondent, his lessor.
The judgment rendered in the case is not appealable to this court nor to the circuit court of appeal.
[2] The first question presented by respondent is that this court has no authority to review the decision under its supervisory jurisdiction.
The purpose of article 94 of the Constitution, conferring “control and general supervision over all inferior courts,” was to authorize this court whenever it deemed prop-er to examine any question which it deemed of sufficient importance for examination and ..decision.
It should not be inferred that the court will order an examination into all cases, for this never was the intention, and, in addition, the court would be overwhelmed with pases. Whenever a new question presents itself of sufficient importance in jurisprudence, the court exerts its jurisdiction to examine into and decide the question.
We will not cite decisions to sustain this -view. It is the general trend of our jurisprudence.
Learned respondent and counsel do not refer us to any decision except decisions of a date prior to the Constitution of 1898, for the obvious reason that there was no decision subsequent to that date.
They have cited the decisions of Borde v. Lazarus, Michel & Lazarus, 127 La. 122, 53 South. 465. It is not in the least pertinent to 'the issues here. The question was not brought up in the cited ca'se under our supervisory jurisdiction, but was brought up on appeal. Our jurisprudence being more restricted on ax>peal, we decided that we had no jurisdiction. It would have been different under our supervisory jurisdiction.
[1] This brings us to the question of law, which, after consideration, we determine to review. It is whether the lessor has the privilege on the amount realized from the sale of the term of the unexpired lease. In other words, on the price obtained for the occupancy of the unexpired portion of the lease. We are not of the opinion that he has.
The privilege claimed by the lessor (if there was no movable property such as referred to in the statute authorizing a provisional seizure) does not exist, and therefore possibility of a provisional seizure does not lie.
A debt to the lessee cannot be provisionally seized. Edwards v. Fairbanks, Man. Unrep. Cas. 53.
Provisional seizure may be issued when the lessor has a privilege on the furniture used in the house or on property or attached to the real estate which he has leased. See Civil Code, 285.
There was nothing of the kind on the property leased in so far as the record discloses.
It is therefore ordered, adjudged, and decreed that the writ of certiorari is granted and affirmed, and the judgment of the district court, vacating the judgment of the city court, is avoided, annulled, and reversed. It is further ordered, adjudged, and. decreed that this ease be remanded to the civil district court in order that the claim may be made absolute in due course.