OVERTON, J.
Plaintiff leased to defendant two warehouses for the period of three years, beginning September 1, 1920, for a monthly rental of $275, payable in advance. Defendant failed to pay all of the installments that fell due, and as a consequence plaintiff, in February, 1921, sued him for the installments that had fallen due, subject to credits for payments made, and for those that had not matured, and, in addition thereto, Sued for the recognition of its privilege as lessor on the movable property found on the leased premises, and also prayed for the issuance of a writ of provisional seizure.
The writ issued as prayed for, and under it the sheriff provisionally seized all of the personal property found on the premises, as well as some that had been removed therefrom, and used the warehouses for the purpose of storing the property found in them, closed their doors, and thereby dispossessed defendant. The latter, representing that he had made arrangements to sublease a' part of the premises, requested plaintiff to have the sheriff remove the property seized, and to restore to him the possession of the warehouses, pending the seizure, but plaintiff refused to comply with defendant’s request. As a result of the action of the sheriff, and of the refusal of plaintiff to restore him to possession, defendant contends that he has been evicted from the premises, and therefore that he is not liable for rent from February 13, 1921, the date of the eviction, and demands, in reconvention, that the lease be dissolved as of that date.,
By the terms of article 2692 of the Civil Code it is the duty of the lessor to maintain the lessee in the peaceable possession of the property let, during the continuance of the lease. If the lessor, instead of. complying with this obligation, evicts the lessee, it' seems clear that by doing so he gives to the latter good cause to dissolve the contract, and thereby to defeat any demand-for rent made for the period following the eviction. If the lessee fails to pay his rent as it matures, the lessor may hold him liable for the rent due for the expired term of the lease, and may sue to dissolve [;he contract and evict the lessee, or, if he should so elect, he may hold the lessee for the rent,,both for the expired and the unexpired terms of the lease, and may sue accordingly. If, however, he elects to avail himself of the latter right, he elects to continue the contract in force, notwithstanding the default of the lessee in his payments, and thereby accords to the latter the right to remain on the premises and to use them in accordance with the terms of the lease, and continues in force the obligation imposed by law upon him to maintain the lessee in the peaceable possession of the property. Therefore a lessor, in causing the personal property on the premises to be seized, under a writ of provisional seizure, for installments of rent due and for *949 those that have not yet matured, should exercise care to see that the lessee is not unnecessarily disturbed in the possession of the premises, and that he is not evicted, by permitting the premises to be tak'en away from him to be used as a place to store the property seized. In the case at bar, as we have observed, the plaintiff gave its sanction to' the sheriff’s executing the writ in the manner in which he did, by refusing to direct that official to remove the property seized, when it was in plaintiff’s power to have thus directed the sheriff, and by refusing to restore defendant to the possession of the premises, pending the seizure.
The action of plaintiff and of the sheriff amounted to, and in fact resulted in, the eviction of defendant, and, since plaintiff is responsible therefor, defendant is entitled to have the lease dissolved, and to the rejection of plaintiff’s demand for the rent accruing after the eviction. If plaintiff had waited until the recovery of judgment before evicting defendant, and under a writ of fieri facias had seized the lease for the installments due, a different case might have been presented, but plaintiff did not so wait; nor did it seize the lease, under the writ of provisional seizure; nor could the lease have been legally so seized, for the lessor’s privilege, the existence of which is the only ground alleged for the issuance of the writ of provisional seizure, does not attach .to the lease. See Brunner Mercantile Co. v. Rodgin, 130 La. 358, 57 South. 1004.
The rejection of the demand for the rent claimed, for the period following the eviction, will leave, as due, $1,356.04, subject to said credit of $375. <
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended, by reducing the amount allowed plaintiff to $1,356.04, subject to said credit of $375, with legal interest on the balance from judicial demand until paid, and by dissolving said lease, and, as thus amended, that said judgment be affirmed, plaintiff to pay the costs of this appeal. It is further ordered and decreed that this judgment shall not be construed as affecting the right of interveners with respect to their separate appeals.