The suit is to recover rent in the sum of $200.00, with interest, being the rent for the last five months of a written lease between plaintiff and the defendants which by renewal expired on January 31, 1941, at $40 per month, payable on the first of each month. The lease covered a restaurant or eating place in the town of New Roads and contained a clause that the premises were not to be used for any purpose other than a restaurant or eating place without the written permission of the lessor, and the lessees were prohibited from assigning the lease or sub-letting the premises without the consent of the lessor in writing.
The rent due on September 1, 1940, was not paid, and on the 4th of that month the lessor filed a suit for the rent then due as well as the rent due for the remainder of the term, and prayed for a writ of provisional seizure to issue, ordering the sheriff to provisionally seize the restaurant equipment and property in and on the leased premises. The Clerk of Court issued a writ directed to the sheriff commanding him to provisionally seize and take into his possession the leased building and certain fixtures which the plaintiff had permitted defendants to use in the contract of lease, as well as "all other restaurant equipment, furniture and property in and on the leased premises".
The sheriff with the knowledge and acquiescence of the plaintiff (but not under his *Page 405 
specific direction) seized the building and restaurant fixtures belonging to plaintiff, as well as the property and effects in the premises belonging to the defendants, and in addition thereto locked the building and took possession of the key.
The defendants admitted the execution and renewal of the lease but denied that the rent for September was due and denied that they were due plaintiff for the unexpired term of the lease, and by way of reconvention, they alleged that the action of the sheriff in locking up the leased premises and taking possession of the key with the consent and acquiescence of the plaintiff made it impossible for them to retain possession of the premises and operate a business therein, and said acts constituted an eviction of them from the premises and a breach of the obligation of the plaintiff as lessor to maintain them in the peaceable possession of the premises. They ask for a cancellation of the lease as of the date of the eviction, viz., September 4, 1940.
There was judgment for plaintiff as prayed for, maintaining the writ of provisional seizure. Defendants have appealed.
The defendant, Harold F. Price, had for several months previous to the seizure operated a restaurant in Alexandria and had left the operation of this restaurant in New Roads to his wife, Mrs. Kathryn L. Price, and her two sons, the oldest of whom was about 18 years of age. Mrs. Price, because of ill health, had gone to Alexandria to join her husband a few weeks before the seizure, leaving the operation of the New Roads restaurant largely in the hands of these two minor sons. The business of the New Roads restaurant did not prosper, and Harold F. Price came to New Roads around the first of September with a view of closing out his restaurant business there. He knew that he could not sub-lease the place or assign his lease without the consent of the plaintiff, his lessor, nor could he or any sublessee of his operate any other kind of business in the place except that of a restaurant or eating place.
There is no question but that a short time before the seizure, Price made considerable effort to secure another person to take over his lease. Just a day or two before the seizure was made, he was in negotiation with a man named Bondy with whom he had practically made arrangements to take over the place, subject to the approval of plaintiff under the terms of the lease. Price says that he went back to Alexandria the next day (the day before the seizure) with the understanding that the deal which he had made with Bondy for the place would be consummated.
It is also shown that Price indicated to plaintiff a desire to get out of the business and had offered to turn the keys to the place over to plaintiff who refused to accept them, insisting that all he wanted was his rent which was due September 1st and which rent Price failed and refused to pay. A day or two before the seizure, the restaurant was closed and the chairs and tables were stacked up in the building. Price and one of the boys who had charge of the restaurant testified that the reason for this situation was that the restaurant was being cleaned up preparatory to turning it over to the new occupant when the arrangements were completed; plaintiff testified, however, that these acts and the situation as it appeared to him led him to believe that Price had abandoned the premises and for that reason he sued out the writ of provisional seizure to protect his claim for the rent under the lease.
From the evidence in the case, it is clear to us that Price was anxious to close out his restaurant business in New Roads; that he offered to surrender the premises to plaintiff; that he made a sincere effort to get someone else to take over the leased premises, and he had no intention of slipping his property and effects out of the premises in order to avoid paying the rent. These facts, however, did not deprive the plaintiff of his right to enforce the collection of the rent under the terms of the lease, and, as the rent for September, 1940, was past due when he took out the seizure, he had a legal right to protect himself for the rent then due, as well as that to become due, by a provisional seizure of the property and effects of the defendants on the leased premises. Code of Practice, Article 287; Shiff, Agent v. Ezekiel, 23 La.Ann. 383; Thomas v. Dundas, 31 La.Ann. 184.
Plaintiff stresses his right to enforce collection of the entire rent for the last five months of the lease on two principal grounds: First, because the facts show that defendants abandoned the leased premises, thus maturing all installments of rent for the remainder of the term; and, second, even though there was no abandonment, the failure of the defendants to pay the September rent when due gave the plaintiff the legal right to collect the rent for the unexpired term. Defendants do not contest the *Page 406 
correctness of these two grounds from a legal standpoint, but they contend: first, that there was no abandonment of the premises by the defendants; and, second, if there was such abandonment, plaintiff has no right to recover any rent after the date of the seizure when defendants were evicted from the premises by the act of the sheriff in locking up the premises with the knowledge and acquiescence of the plaintiff.
While the law gives a lessor the right to recover from the lessee the rent for the full unexpired portion of the lease where the latter fails to pay the rent when due or abandons the premises before the expiration of the lease, the law also imposes on the lessor the duty of maintaining the lessee in the peaceable possession of the premises during the period that the lessee is required to pay rent. Civil Code, Art. 2692. In fact, it would be very unjust to force a lessee to pay rent on the premises for a certain period of time and then permit the lessor by any act or neglect on his part to make it impossible for the lessee to enjoy the use of the premises for which he is forced to pay. Indeed, if the lessee is forced to pay for that period of time, it is no concern of the lessor whether the lessee exercises his right to use the premises, or if he finds that unprofitable, to leave them vacant for such period, if by so doing he does not violate any terms of the lease.
While it is shown in this case that the defendants were endeavoring to close out their business in the leased premises and perhaps would not have continued that business for the remainder of the term had they not been able to have some one else take it over after securing the permission of plaintiff, yet since plaintiff undertook to collect from them the rent for the full unexpired term they had the right to exercise full control and dominion over the premises for that time and either use the premises themselves or leave the premises vacant if they so chose. It is true that plaintiff has the right to collect for the unexpired term unless he failed in his duty to make it possible for the defendants to use the premises for that term if they desired to do so.
There can be no question but that the act of the sheriff in locking up the premises and retaining the keys has completely ousted defendants and has prevented them or any other persons with whom they might deal from using and occupying the premises. Plaintiff not only had full knowledge of the action of the sheriff in closing the premises, but he admits that he did nothing to make it possible for defendants to retain possession of the premises had they desired to do so. Under the circumstances, the acts of the seizing officer were the acts of the plaintiff as he had control over the writ which he had caused to issue.
The act of the sheriff in closing up the leased premises and retaining the keys with the knowledge and acquiescence of the plaintiff had the effect of evicting defendants from the premises from the date of the seizure. The fact that defendants made no demand on plaintiff for the keys or for possession is immaterial. Plaintiff had no right to conclude that at no time during the remaining five months of the lease the defendants would not find it convenient to use the property. Non constat, they might have decided to continue the business for the remainder of the term after they found that plaintiff was going to enforce payment of the full amount and refused to release them from their part of the contract. Defendants had as much right to demand of plaintiff the fulfillment of his part of the contract as he did in demanding that they fulfill their part of it.
We think our conclusion is fully supported by the principles announced in the following three cases which we consider pertinent and decisive in this case: Henry Rose Mercantile Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429; Pirkle Williams, Inc. v. Shreveport Jitney Jungle, Inc., 19 La.App. 729, 140 So. 837; Pelletier v. Sutter et al., 10 La.App. 662, 121 So. 364. The right of the plaintiff to collect rent up to the date of the eviction by the seizure is not questioned.
For the reasons assigned, the judgment appealed from is hereby amended by reducing the amount allowed plaintiff from $200 to $4; and it is further ordered that the reconventional demand of the defendants be sustained and the lease cancelled as of September 4, 1940; that the plaintiff pay the cost of the appeal, and defendants pay all other costs. *Page 407