LOTTINGER, Judge.
Petitioner, Calvin D. Kinchen, sues for rental in the sum of $300.00, to become due under a lease of property to defendant, Alden Arnold, and couples his claim with a writ of provisional seizure, under which certain property of defendant was seized. From a judgment below in favor of defendant, the petitioner has taken this sus-pensive appeal.
The matter before us at this time is one of a series of court proceedings 'between the parties. In order to give a complete *115 picture of the situation, we will give a brief résumé of the proceedings since the execution of the lease between petitioner and defendant.
On March 16th, 1948, the petitioner leased to defendant, ten acres of land situated in the Parish of Livingston, Louisiana. The lease was for the purposes of conducting logging operations, and a sawmill, thereon. The lease was for a period of five years, with an option of renewal in favor of defendant. The consideration was the sum of five hundred dollars, payable at the rate of one hundred dollars annually. The first payment was made upon execution of the lease.
The defendant failed to pay the rental installment which became due on March 16, 1949. On April 19, 1949, petitioner filed a petition asking that a writ of provisional seizure issue, and further asking for judgment in the sum of one hundred dollars for the delinquent rental installment, and for an additional sum of three hundred fifty dollars as damages to the property. On April 28, 1949, via a letter, defendant deposited with the Clerk of Court the sum of $114.95 to cover the rental installment due and court costs, and asked the Clerk of Court to release the writ of provisional seizure. The Clerk refused to release the seizure without an order of court. On June 6, 1949, defendant filed answer alleging payment of the rental and costs, praying that the seizure be dissolved and for attorney fees in the sum of $150.00. A rule issued on September 6, 1949, ordering petitioner to show cause why the seizure should not be dissolved, and why defendant should not be given judgment in the sum of $300.00 as attorney fees. Petitioner filed exceptions to the rule which were maintained inasmuch as the motion for the rule did not contain certain proper allegations.
On October, 4, 1949, another rule was issued, directing petitioner to show cause why the seizure should not be dissolved, and why the petitioner should not be assessed damages in the sum of $300.00 and attorney fees in the sum of $300.00. After trial of this rule, on October 7, 1949, judgment was rendered dissolving the seizure upon payment of the rental installment of $100.00 and all court costs to date.
On the same date, October 7, 1949, petitioner filed a supplemental petition alleging that he had good reason to 'believe that the defendant would remove certain movables from the property, and alleging that the rental installment of March 16, 1949, had not been paid. He prayed that another writ of provisional seizure issue, and that there be an additional judgment for $300.00 to cover the rental installments to become due under the lease. The writ of provisional seizure was issued, to which the defendant deposited a forthcoming bond. Defendant then filed answer alleging that the payment of March 16, 1949, was on deposit with the Clerk of Court, that he had no intention of removing any of the property from the leased premises, and claiming damages in the sum of $1,-600.00 and for cancellation of the lease.
On March 10, 1950, judgment was rendered dissolving the seizure at petitioner’s costs and awarding defendant attorney fees in the sum of $50.00; the remainder of the case was continued. On May 11, 1951, judgment was rendered in favor of defendant cancelling the lease, and awarding defendant $50.00 as attorney fees, and dissolving the seizure. Petitioner has taken this suspensive appeal.
The issues now before this court are those involved in petitioner’s petition of October, 1949, and the answers thereto. Article 287 of the Louisiana Code of Practice provides:
“When a lessor sues for rent, whether the same be due or not due, he may obtain the provisional seizure of such furniture or property as may be found in the house, or attached to the land, leased by him; and in all cases it shall be sufficient to entitle a lessor to said writ, to swear to the amount which he claims, whether due or not due, and that he has good reasons to ■believe that said lessee will remove the furniture or property on which he has a lien or privilege out of the premises, and that he may be thereby deprived of his lien; provided, that in case the rent be paid when it falls due, the *116 costs of seizure shall be paid by the lessor, unless he prove that the lessee did actually remove, or attempt or intend to remove, the property out of the premises; provided, that in all cases of provisional seizure of furniture or other property, at the instance of lessors, the lessee shall be permitted to have the seizure released upon executing a forthcoming bond or obligation, with a good, solvent security for the value of the property to be left in his possession, or for the amount of the claim, with interest and costs; provided, further, that the value of the property shall be fixed by the sheriff, or one of his deputies, with the . assistance of two appraisers selected by the parties, twenty-four hours’ notice being previously given to the lessor of his counsel to select an appraiser.”
The petition alleged that petitioner feared that defendant would remove property from the premises, and, thusly, that petitioner would be deprived of his lessors lien and privilege. Upon trial of the matter, defendant testified that he resided in Jefferson Parish. It was shown that he owned a sawmill which was situated on the leased premises. Defendant testified that he had no intention to remove the sawmill from the premises prior to April 19, 1949. He testified, on cross-examination, that, after posting the forthcoming bond, on October 7, 1949, defendant did remove almost all of the sawmill equipment from the premises. He further stated that his decision to remove the property was made some month to six weeks subsequent to April 19, 1949, and further stated that the only thing that could have prevented him from removing the property was a writ of seizure.
We believe that petitioner had sufficient reason to believe that the property, or some part thereof, would be removed and, thus, justify the Seizure. First of all, petitioner knew that the defendant was a nonresident of the Parish of Livingston, in-which the property was located. This fact, coupled with the fact that it was necessary to go into court to secure the March 16, 1949, rental installment was sufficient to place petitioner upon guard so as to protect his future interests in the lease. ‘In addition to this, petitioner testified that, at the time of the seizure, defendant was not operating the sawmill on the premises but had moved to another location.
The courts of this state have repeatedly held that failure to pay rent as it becomes due is sufficient cause to authorize the provisional seizure of the tenant’s property. Shiff v. Ezekiel, 23 La. Ann. 383. A similar holding as to a writ of sequestration under vendor’s lien was the basis of judgment in Lowden v. Robertson, 40 La.Ann. 825, 5 So. 405. In Smith v. Trippe Motors Inc., La.App., 193 So. 603, 607, the court said:
“It is not necessary to justify the issuance of a writ of provisional seizure under Art. 287 of the Code of Practice that the lessor swear that the lessee has removed any of the chattels affected by his privilege, for the purpose of fraudulently defeating the lessor’s right thereon, or that the lessee intends doing so. It suffices to justify the affidavit for and the issuance of the writ that the lessor has good reason to believe that the lessee will remove the affected property from the leased premises, and thereby entail loss of the privilege thereon.”
The defendant claims that the lease should be cancelled by this court, inasmuch as the petitioner has failed in his duty to keep defendant in a peaceable possession of the premises during the continuance of the lease. His contention is based upon the fact that the premises was seized during March 1949, whereupon he deposited the $100.00 advance rental into the registry of the Court. Pie claims that upon said deposit, there was a duty upon petitioner to release the seizure, but, on the contrary, the seizure continued until the judgment of October 7, 1949. The defendant cites Henry Rose Mercantile Co. v. Stearns, 154 La. 946, 98 So. 429; in support of his claim for cancellation of the lease.
In the cited case, certain property of the lessee was seized under a writ of provi *117 sional seizure, and the property under seizure was stored in the premises under lease. The doors of the premises were locked by the Sheriff and he held the key. In other words, the entire leased premises were under the custody of the Sheriff, and no right to the premises was held by the lessee during the period of the seizure. A similar situation was present in Maggio v. Price, La.App., 1 So.2d 404, also cited by the defendant.
These cases are easily distinguished from the facts in the present case. In the case before us, it is true that the sawmill belonging to defendant was seized. It is further, true that the seized sawmill was stored on the leased premises, and a guardian was placed over the seized sawmill by the Sheriff. However, in the present case, the premises under lease consisted of some ten acres of land, and nothing was shown by the defendant to indicate to this court that the defendant did not have free access to the remainder of the leased premises. According to the record, we have no alternative hut to assume that the defendant had the free and unobstructed use of the entire leased premises except for a small portion thereof on which the seized equipment was stored. We do not believe that such action was of a nature to justify our cancellation of the lease.
As to the question of the balance of the rental to become due under the lease, we believe an answer is found in Henry Rose Mercantile Co. v. Stearns, supra, and Maggio v. Price, supra. In the Stearns case, the court said:
“If the lessee fails to pay his rent as it matures, the lessor may hold him liable for the rent due for the expired term of the lease, and may sue to dissolve the contract and evict the lessee, or, if he should so elect, he may hold the lessee for the rent, both for the expired and the unexpired terms of the lease, and may sue accordingly. If, however, he elects to avail himself of the latter right, he elects to continue the contract in force, notwithstanding the default of the lessee in his payments, and thereby accords to the lat-. ter the right to remain on the premises and to use them in accordance with the terms of the lease, and continues in force the obligation imposed by law upon him to maintain the lessee in the peaceable possession of the property.”
Similar language is found in the opinion of the Maggio case. In the case at bar, it was shown that the rental of March 16, 1949, was not paid on time, and was past due at the time of filing of this suit. The petitioner chose to sue for the rental and under the doctrine above quoted, we must maintain him in his rights.
For the reasons assigned, the judgment of the lower court is reversed, and there is judgment in favor of petitioner, Calvin D. Kinchen, and against defendant, Alden Arnold, in the full sum of $300.00, with legal interest from date of judicial demand, and for all costs; maintaining the writ of provisional seizure herein issued and recognizing petitioner’s lessors lien and privilege upon the property and effects seized herein; and maintaining the lease between the parties in effect in accordance with the terms of said lease.
Judgment reversed.