GUIDRY, Judge.
The defendant lessee appeals from a judgment awarding the plaintiff lessor the sum of $225.00 together with 5% interest, which represents the rent allegedly due for the premises 825 Dumaine Street for the month of March 1970.
The facts in the instant matter are undisputed and in salient part, are as follows:
Defendant orally leased the premises 825 Dumaine Street from the plaintiff on a month to month basis for a rental of $225.00 payable on the first day of each month. Defendant failed to meet the rental payment of $225.00 due on March 1, 1970 but on March 2, 1970 offered to pay plaintiff two weeks rental or the sum of $112.50. The plaintiff refused this offer demanding the entire monthly rental. When plaintiff and defendant could not agree on the payment, plaintiff issued to defendant on March 2nd, a five day notice to vacate the premises for non-payment of rent. In response to this notice, the defendant lessee vacated the premises on March 7, 1970, having made no rental payment for the month of March.
It is defendant’s contention that the trial court erred in rendering judgment in favor of the plaintiff lessor urging that when plaintiff served the notice of March 2nd to vacate the premises, he deprived his tenant of the uninterrupted and undisturbed possession of the premises guaranteed to the tenant by LSA-C.C. art. 2692 and therefore, no rental for the month of March is due and owing. Plaintiff on the other hand argues that mere notice to vacate the premises for non-payment of rent without the issuance of a rule for possession, a writ of seizure or provisional sequestration or the performance of some other act which would prohibit the tenants full use of the premises does not constitute a disturbance of the tenants possession within the meaning of the cited article. Plaintiff further argues that since he did not take physical possession of the property during the month of March that the entire rental for that period is due by defendant.
By the terms of LSA-C.C. art. 2692 it is incumbent on the lessor to cause his lessee to “be in a peaceable possession” of the leased property during the term of the contract. In the instant case when the defendant lessee failed to pay his rent when due the plaintiff lessor had the choice of continuing the lease in effect by maintaining his lessee in peaceful possession of the premises with the right to sue for the rent if unpaid or the right to declare the lease *621 terminated with the corresponding right to seek possession of the premises together with payment of rent for the period the lessee actually occupied same. The plaintiff lessor chose the latter course as evidenced by the fact that on the 2nd of March 1970 he issued the five day notice of eviction provided for by LSA-C.C.P. art. 4701. The issuance of this notice advising the lessee of lessor’s intention to declare the lease terminated and ordering the lessee to vacate and deliver possession of the premises .certainly constituted a disturbance of the lessee’s possession of the premises within the contemplation of LSA-C. C. art. 2692. It was not necessary for the lessee to force the landlord to file a rule for possession of the premises, whereby court costs would be assessed to the lessee, before the landlord could be considered to have disturbed the tenant in the possession of the property.
Having determined that the plaintiff did not maintain his tenant in peaceful possession of the premises he is not entitled to collect any rent for the period following the date on which defendant vacated the premises. Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429 (1923); Maggio v. Price, La.App., 1 So.2d 404 (1941); Pirkle & Williams, Inc. v. Shreveport Jitney Jungle, Inc., 19 La.App. 729, 140 So. 837 (1932); Young v. Eddy, La.App., 86 So.2d 243 (1956).
The' fact that plaintiff may or may not have taken physical possession of the premises after defendant vacated the property is of no moment. The landlord had the power to do with the premises as he willed. It was at his behest that defendant left the premises and he certainly had complete control over the use of the property from that date.
The record establishes that the defendant vacated the premises on March 7, 1970 and accordingly plaintiff is entitled to a fraction of the monthly rental calculated on the basis of the number of days defendant enjoyed possession of the property.
For the foregoing reasons the judgment of the lower court is amended to grant judgment in favor of plaintiff, Henry G. McGrew and against defendant, Dale Milford, in the full sum of Fifty and eighty-one/100 ($50.81) Dollars plus 5% interest and all cost incurred in the lower court. Cost of this proceeding to be assessed to the plaintiff-appellee.
Amended and as amended affirmed.