LOTTINGER, Judge.
This is a suit for the balance of rent allegedly due on a lease entered into by the plaintiff and defendant. From a judgment declaring a mutual cancellation of the lease and dismissing both the main demand and the reconventional demand, the plaintiff has appealed.
The record points out that the plaintiff, John Ziegler, as Lessor, and the defendant, *588 Nolan P. Gros, as Lessee, entered into a written lease of business premises for a ten month period beginning March 1, 1969, at a monthly rental of $150.00. Without question, the defendant paid $150.00 for the first month’s rent and made a partial payment of $50.00 on the second month’s rent. The only testimony in this matter was that of the plaintiff and one other witness, Mrs. Merle Bessonette, who subsequently rented the premises after the cancellation of the lease.
Mr. Ziegler testified that the defendant called him some time in April to go to the leased premises and get the balance of the rent due for that month. The plaintiff went to the leased premises and it was at this time that some sort of argument or disagreement occurred between the two parties. There is no testimony in the record as to what type of argument if any took place that day, but shortly thereafter the defendant moved out of the premises, and two or three days later the plaintiff went to the leased premises and took possession.
The Trial Judge in his oral reasons for judgment dictated into the records stated “It looks to me that it wasn’t a written cancellation, and probably it wasn’t a friendly cancellation, but apparently you had a meeting of the mind as between the two parties as of that time that the lease would be can-celled. The fellow would get out, and he would get his building back.”
There is no question from the record but that the plaintiff took possession of the leased premises, and even went so far as to have the locks on the doors changed. In a most similar situation, in the case of Maggio v. Price, 1 So.2d 404 (La.App. First Cir., 1941) wherein the Sheriff with the knowledge and acquiescence of the Lessor locked the leased building and took possession of the key, the Court held that the lease had been cancelled. In so finding the Court stated:
“While the law gives a lessor the right to recover from the lessee the rent for the full unexpired portion of the lease where the latter fails to pay the rent when due or abandons the premises before the expiration of the lease, the law also imposes on the lessor the duty of maintaining the lessee in the peaceable possession of the premises during the period that the lessee is required to pay rent. Civil Code, Art. 2692. In fact, it would be very unjust to force a lessee to pay rent on the premises for a certain period of time and then permit the lessor by any act or neglect on his part to make it impossible for the lessee to enjoy the use of the premises for which he is forced to pay. Indeed, if the lessee is forced to pay for that period of time, it is no concern of the lessor whether the lessee exercises his right to use the premises, or if he finds that unprofitable, to leave them vacant for such period, if by so doing he does not violate any terms of the lease.”
The Trial Judge concluded that there had been a mutual cancellation of the lease. A cancellation of the lease to the extent that the plaintiff in the case at bar could not collect any future rent. The defendant had filed a reconventional demand, but because there was no testimony produced on behalf of the defendant, the Court considered the reconventional demand abandoned. With the ruling of the Trial Court we can find no error.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
Judgment affirmed.