386 So.2d 120 (1980)
BORDELON LEASING, INC., Plaintiff-Appellee,
v.
THIBODEAUX AIR CONDITIONING SALES, INC., Defendant-Appellant.
No. 7665.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*121 Dean, Lomenick & Seemann, G. Frederick Seemann, Opelousas, for defendant-appellant.
Thistlethwaite & Thistlethwaite, W. Hugh Thistlethwaite, Jr., Opelousas, for plaintiff-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
GUIDRY, Judge.
Plaintiff, Bordelon Leasing, Inc., sues on a written lease agreement entered into with defendant, Thibodeaux Air Conditioning Sales, Inc., for alleged past due rent for the months of February, March and April of 1979 and for the cancellation of the lease. The object of the lease is a 1977 Ford pick-up truck and according to the terms of the written lease, dated September 16, 1977, monthly rentals of $152.44 are due in advance on the first day of each month, for a term of thirty-six months. Plaintiffs, alleging that defendant had possession of the pick-up truck and that defendant might conceal, part with, or dispose of, or waste the truck or remove it from the parish during the pendency of this suit, sought and was granted a writ of sequestration effective April 10, 1979.
Defendant answered denying all allegations of plaintiff's petition and sought dismissal of plaintiff's suit. Additionally, defendant alleged in answer that plaintiff had breached the lease agreement, but it did not reconvene seeking a cancellation of the lease.
At trial, although not specifically alleged in its answer, defendant offered evidence, which was received without objection, seeking to prove that it had cancelled the lease agreement by written notice dated December 8, 1978 pursuant to the provisions of paragraph 12(b) and 14(a) of the lease which provides as follows:
"12. EARLY TERMINATION
* * * * * *
B. By Lessee. Upon at least 30 days prior written notice to Lessor, the Lessee may terminate this lease with respect to any vehicle at any time under the following condition: (i) Upon compliance with his obligations under the lease, the Lessee may purchase the vehicle at its Depreciated Value, or (ii) the Lessee may return the vehicle under the conditions specified in paragraph 14(a) and the vehicle shall be sold and the Lessee bound under the terms and provisions specified in paragraph 15(a) and 15(c).
* * * * * *
14. RETURN OF VEHICLE. Upon expiration of the term of this lease with respect to any vehicle:
a. Return. Unless the Lessee exercises his purchase option under the provisions of paragraph 13, the Lessee shall return the vehicle to the Lessor, in as good condition as when first received, ordinary wear and tear excepted, at (i) the place where the Lessee first received the vehicle, (ii) Lessor's principal place of business if different from (i) above, or (iii) such location as may be designated by Lessor."
Defendant further suggested that following notice of termination and return of the vehicle plaintiff had breached the terms of the agreement by failing to sell the vehicle in compliance with the provisions specified in paragraph 15(a) and (c) of the agreement which provide as follows:
"15. SALE OF THE LEASED VEHICLE. Upon the termination of this lease by either party as to any vehicle either prior to or at the expiration of the lease term, and unless the Lessee chooses to exercise his purchase option under paragraph 12(b)(i) or paragraph 13:

a. General Terms. The Lessor shall sell the vehicle (or wreckage under paragraph 14(c) within 30 days after its surrender or repossession (or such other period as the *122 parties may agree upon). The sale may be public or private and with or without notice to Lessee, and shall be only for cash payable in full upon delivery of the vehicle and its title papers to the purchaser.

* * * * * *
c. Sale After Early Termination by the Lessee. If the Lessee chooses to terminate this lease under the provisions of paragraph 12(b)(ii), and the Net Proceeds of the sale are less than the Depreciated Value of the vehicle, the Lessee shall pay the deficiency to the Lessor as additional rental. If the Net Proceeds exceed the Depreciated Value, the Lessor shall pay the excess to the Lessee (except for any amounts to be retained by the Lessor specified in Schedule A) as a refund of rentals."
After a hearing on the merits the trial court in written reasons rejected defendant's assertion that the lease had been cancelled by lessee pursuant to paragraphs 12(b) and 14(a), supra, stating:
"Unresolved is the question of Early Termination under the contract. At this point, the Court finds the suits are not (sic) premature, for if the parties wish to use the Early Termination proceedings, the necessary procedures have not been followed to this point in time."
Further, the trial court rejected plaintiff's demand for cancellation of the lease but rendered judgment against defendant for unpaid rentals for the months of February, March and April, 1979, totalling $457.32, plus interest on this sum and awarded 25% of the principal and interest as attorney's fees as provided for in the lease agreement. No mention is made in the judgment with regard to the writ of sequestration. Defendant appealed. Plaintiff did not appeal nor answer defendant's appeal.
The only issue before this court concerns the correctness of the judgment awarding plaintiff three months rent plus interest and attorney's fees. Defendant contends on appeal that the lease was terminated pursuant to the provisions of paragraphs 12(b) and 14(a) of the lease agreement by a letter dated December 8, 1978, which termination became effective 30 days after written notice (see paragraph 12(b), supra) and that the trial court erred in finding that the lease was in effect during the months of February through April, 1979.
The trial court rejected defendant's contention as to early termination presumably because the letter as written did not constitute sufficient notice of an intent to terminate the lease agreement and because the evidence presented failed to reflect a return of the vehicle by defendant to plaintiff-lessor as required in paragraph 14(a), supra. We find no clear error in the trial court's factual findings that the lessee's attempt at termination was ineffectual.
Although the lease was not terminated by defendant-lessee because of his failure to comply with paragraphs 12(b) and 14(a), supra, we find, however, that plaintiff is not entitled to collect any rental beyond the date when defendant was deprived of the possession and use of the leased property by the writ of sequestration filed on April 10, 1979.
As we stated in Mid-Continent Refrigerator Company v. Williams, 285 So.2d 247 (La.App. 3rd Cir. 1973):
"The lessor is obligated to maintain the lessee in peaceable possession of the leased property during the continuance of the lease. LSA-C.C. Art. 2692. It is contrary to pubic policy, and would allow unjust enrichment of the lessor, to permit the lessor to violate the principal obligation he owes to the lessee, and at the same time to compel the lessee to perform the obligations he assumed under the lease.

The law is settled that a lessor, upon default of the lessee, has the option of either terminating the lease or of enforcing its provisions. If he elects to terminate the lease, he may repossess the leased property and enforce payment of the rent which had accrued and had not been paid up to the time the contract was terminated. If he elects to enforce the lease contract, he may demand payment *123 of all future rentals, but he thereby waives his right to repossess the leased property and he remains obligated to continue the lessee in peaceable possession of the property during the continuance of the lease. Bill Garrett Leasing, Inc. v. General Lumber & Supp. Co., 164 So.2d 364 (La.App. 1 Cir. 1964); Executive Car Leasing Co. of New Orleans v. Alodex Corp., 265 So.2d 288 (La.App. 4 Cir. 1972); Henry Rose Mercantile and Manufacturing Co. v. Stearns, 154 La. 946, 98 So. 429 (1933).

In Henry Rose Mercantile & Manufacturing Co. v. Stearns, supra, our Supreme Court said:

`If the lessee fails to pay his rent as it matures, the lessor may hold him liable for the rent due for the expired term of the lease, and may sue to dissolve the contract and evict the lessee, or, if he should so elect, he may hold the lessee for the rent, both for the expired and unexpired terms of the lease, and may sue accordingly. If, however, he elects to avail himself of the latter right, he elects to continue the contract in force, notwithstanding the default of the lessee in his payments, and thereby accords to the latter the right to remain on the premises and to use them in accordance with the terms of the lease, and continues in force the obligation imposed by law upon him to maintain the lessee in the peaceable possession of the property.'"
According to plaintiff's petition this suit is for past due rental payments for February through April, 1979, for a total past due sum of $457.32 (3 × 152.44). The trial court awarded judgment to plaintiff for the full rental sum of $457.32. However, defendant had the use of the vehicle for only nine days in April as plaintiff sequestered the vehicle on April 10, 1979. According to the lease, rent is payable in advance on the 1st day of each month. In light of these facts and applying the aforestated principles, the judgment for unpaid rentals should be amended so as to reduce same by $106.68 (21 × $5.08 (daily rental)) to $350.64.
We express no opinion with regard to the effect of the sequestration of the truck on the continued viability of the lease contract in that defendant has not sought a cancellation of the lease in this proceeding and plaintiff's demand for cancellation was rejected from which judgment it has not appealed.
For the reasons assigned, the judgment appealed from is re-cast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, BORDELON LEASING, INC., and against defendant, THIBODEAUX AIR CONDITIONING SALES, INC., in the full sum of THREE HUNDRED FIFTY AND 64/100 ($350.64) DOLLARS, together with interest thereon from date of judicial demand, until paid, and an additional sum equal to twenty-five (25%) per cent of the principal and interest as attorney's fees, and all costs. Costs of this appeal are to be assessed against plaintiff and defendant in equal proportions.
AMENDED AND RECAST.