443 So.2d 762 (1983)
OUACHITA EQUIPMENT RENTAL CO., INC., Plaintiff-Appellee,
v.
Michael SIMONS, et al., Defendants-Appellants.
No. 83-313.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Simmons & Derr, Jacque D. Derr, Winnfield, for defendants-appellants.
Pipes & Pipes, William F. Pipes, Jr., Monroe, for plaintiff-appellee.
Peters, Hennigan & Walters, J. Reed Walters, Jena, for defendant-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
The issue before us in this appeal concerns the reasonableness of an award of liquidated damages to the lessor of movable *763 equipment based on the lessor's rights to damages under the lease contract. Because we find the damages awarded by the trial court to be unreasonable, we amend and recast the judgment.
On February 22, 1979, the plaintiff, Ouachita Equipment Rental Co., Inc. (OER), leased a log trailer to Donald W. Shaw for a term of forty-two months at a monthly rental rate of $242.75. Shaw's obligation was guaranteed by Lloyd Hanson. On August 22, 1980, OER gave Shaw notice of termination of the lease due to delinquencies in the monthly payments and demanded that the trailer be surrendered. Even though Shaw ultimately surrendered the trailer at the end of October, 1980, criminal charges had been filed against him for violation of LSA-R.S. 14:220, refusing to return leased motor vehicles. Appellants make extensive reference to these criminal proceedings in their brief filed with this court. However, these criminal proceedings have no bearing on the issues in this case and will not be discussed.
By act of assignment and assumption of lease dated November 3, 1980, Shaw transferred all his rights and obligations under the lease to Michael Simons. Shaw testified that he does not recall executing the assignment, but he did not deny that his signature was on the document. The validity of the assignment is not at issue on appeal.
In April, 1981, Simons defaulted in payments on the lease and elected to return the trailer to OER, terminating the lease. OER made demand on Shaw and Hanson to pay off the lease since they remained primarily liable, and demanded from Simons liquidated damages in the amount of $2,679.41 for early termination of the lease. No payments were made by Shaw, Hanson, or Simons; OER filed suit naming these three as defendants and claiming that they were liable in solido for $2,679.41 in liquidated damages under the lease. A judgment of default was confirmed against Simons and is not before us in this appeal.
After trial on the merits judgment was rendered against Shaw and Hanson for the amount of damages prayed for with legal interest from date of judicial demand and $900.00 attorney's fees. Shaw and Hanson have appealed.
OER calculated the liquidated damages sued for as follows:

 "1. Depreciated Value Calculation:
 a. Original Value of Vehicle $6,500.00
 b. Less Total Depreciation credit
 (27 months × 119.05) 3,214.35
 --------
 c. Depreciated value 3,285.65
 2. a. Highest Wholesale Bid (net of
 Auctioneer's charges) 3,000.00
 b. Less Accrued and unpaid
 monthly rentals to date of termination
 (4 months × 242.75) 971.00
 ------
 c. Net proceeds 2,029.00
 3. Calculation of Amount Due Under
 Paragraph 11 of Leasing
 Agreement:
 a. Item 1 (c) above 3,285.65
 b. Less Item 2 (c) above 2,029.00
 --------
 c. Balance 1,256.65
 d. Add Lost Income (15 months
 × 123.70) 1,855.50
 e. Less Lease Discount 432.74
 ------
 Balance Due 2,679.41"

These calculations were purportedly made pursuant to terms in the lease agreement providing for liquidated damages in the event of early termination of the lease. These terms provide:
"13. DAMAGES UPON EARLY TERMINATION. Upon the termination of this lease by either party as to any Vehicle prior to the expiration of its lease term, the Lessee shall promptly pay Lessor all damages suffered by the Lessor by reason of such termination (or by reason of any breach of this lease by Lessee). Such damages shall include damages determined as follows:
"a. Purchase or Resale. The Lessee shall promptly purchase and pay for the Vehicle, if Lessor so requests, at its Depreciated Value (i.e., its Original Value as specified in Schedule A, less a sum equal to its Monthly Depreciation specified in Schedule A, multiplied by the number of Monthly Rentals that have been paid). Lessee shall also take over any insurance on the Vehicle paid for by Lessor and pay Lessor for the unearned cost thereof on a daily apportionment *764 basis. If the Lessor does not request Lessee to purchase the Vehicle or if the Vehicle is not so purchased, Lessor shall sell the Vehicle (or wreckage under paragraph 12d) within 30 days after its surrender or repossession (or such other period as the parties may agree upon). The sale may be public or private and with or without notice to Lessee, shall be at wholesale, and shall be only for cash payable in full upon delivery of the Vehicle and its title papers to the purchaser. If the Net Proceeds of the sale are less than the Depreciated Value of the Vehicle such deficiency shall constitute part of Lessor's damages; if such Net Proceeds exceed Depreciated Value, the excess shall constitute an offset to Lessor's other damages.
"(i) `Net Proceeds' shall mean the amount received on the sale, less all direct expenses of Lessor in preparing and holding the Vehicle for sale and selling it and less all sums due Lessor under paragraph 12d if not otherwise paid, and less all debts incurred by Lessee which, if not paid, might constitute a lien on the Vehicle or a liability of Lessor.
"b. Lost Income. Lessee shall pay Lessor as liquidated damages for loss of income a sum equal to the Monthly Rental less the amount of the Monthly Depreciation for each month of the original term of the lease remaining after the termination.
"c. Expenses. Lessee shall reimburse Lessor all costs and expenses (including reasonable attorney's fees) incurred by Lessor in enforcing Lessor's rights hereunder.
"d. Remedies Not Exclusive. Repossession and resale of any Vehicle shall not affect Lessor's rights to recover any damages from Lessee, and Lessor's rights and remedies in the event of any breach, termination or expiration of this lease with respect to any Vehicle (including damages herein specified) shall not be deemed exclusive but shall be cumulative and in addition to all other rights and remedies in Lessor's favor existing by law."
Although the damages were calculated as if the trailer had been sold at the bid of $3,000, it was in fact not sold, but was re-leased to another party, Kenneth Young, for eighteen months at a monthly rental rate of $205.91.
Shaw and Hanson appeal the damage award on the grounds that (1) future rentals were improperly awarded and (2) the award was unreasonable under LSA-R.S. 9:3267.

EFFECT OF LEASE MOVABLES ACT
The amount of damages to be awarded in a case such as this is governed by the Lease of Movables Act, LSA-R.S. 9:3261-3271. It is OER's position that this act allows an award of damages including future rentals even though the lessor has taken possession of the leased property. Shaw and Hanson argue that future rentals cannot be awarded after repossession even under the new act. OER contends that the act changed the pre-existing jurisprudence which did not allow recovery of future rentals if the property had been repossessed. We agree with the position taken by OER.[1]
The pertinent provisions of the Lease of Movables Act are as follows:
"Sec. 3266. Ordinary proceedings in addition to summary proceedings
In addition to the summary proceeding provided above, the lessor may enforce judicially, in an ordinary proceeding to cancel the lease, all of the rights under the lease contract to which he is entitled as a result of cancellation. The pendency of the summary proceeding permitted above shall not preclude the filing of such ordinary proceeding, nor shall the pendency of an ordinary proceeding preclude *765 the filing of the summary proceeding.
"Sec. 3267. Recovery of damages sustained by lessor
In an ordinary proceeding, if the lease contract provides for liquidated damages in event of default, the court shall award such damages only if it finds the amount thereof to be reasonable. If the court finds that the amount of liquidated damages is unreasonable, or if there is no such stipulation, then the court may award damages to the lessor."
The only case cited by Shaw and Hanson in support of their contention decided after the effective date of the act is Bordelon Leasing, Inc. v. Thibodeaux Air Conditioning Sales, Inc., 386 So.2d 120 (La.App. 3rd Cir.1980). We do not find that case to be controlling in this matter. In Bordelon, this court did not consider an award for liquidated damages as a result of termination of a lease such as we are faced with here. In that case, there was not an effective termination of the lease, and the court found that under the circumstances the lessor was entitled only to rent for the period that the lessee remained in possession prior to sequestration. We find that the parties to a lease may stipulate that future rentals may be included as liquidated damages under the new act for default in carrying out the obligations of the lease, and such damages are subject to review only for reasonableness.

REASONABLENESS OF DAMAGE AWARD
Having determined that future rentals may be awarded as liquidated damages pursuant to the lease agreement, we now review the reasonableness of the award.
As stated before, the damages were computed as if the trailer had been sold, and it appears from the quoted terms of the lease that sale of the trailer was contemplated by the lease contract. However, by keeping the trailer and leasing it again OER did not suffer the full loss of income as anticipated by the terms of the lease. We find that the award of damages in this case, based on the fiction that the trailer had been sold when in fact it was not, was unreasonable under LSA-R.S. 9:3267. An award of damages based on our own calculations should be made. See Ouachita Equipment Rental Company, Inc. v. Baker Brush Company, Inc., 388 So.2d 477 (La.App. 2nd Cir.1980).
In its calculation of lost income, OER subtracted the monthly depreciation of $119.05 from the monthly rental of $242.75 and multiplied the difference by the number of months remaining in the lease. (15 months × $123.70 = $1,855.50) We find that this amount should be reduced or offset by using a like calculation with regard to rental income to be derived from the new lease to Kenneth Young. The new monthly rental rate is $205.91, deducting the new depreciation rate of $119.44 leaves a difference of $86.47. This amount times eighteen, the number of months in the new lease term, equals $1,556.46. Thus, OER has mitigated its damages of lost income in that amount, and the judgment should be reduced accordingly.
We note that the trial court award of $900 in attorney's fees exceeds the amount prayed for by plaintiff in its petition. The award should not have been more than 25% of the amount due which was the amount prayed for.
Because Simons did not appeal, the default judgment rendered against him is unaffected by our ruling in this appeal.
For the reasons set out above, we amend and recast the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Ouachita Equipment Rental Co., Inc., plaintiff, have judgment against the defendants, Lloyd Hanson and Donald W. Shaw, in solido, in the full sum of One Thousand One Hundred Twenty-Two and 95/100 Dollars ($1,122.95), with legal interest thereon from judicial demand, until paid, and an additional sum equal to twenty-five per cent (25%) of the principal and interest as attorney's fees, and all costs.
*766 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the liability of Lloyd Hanson and Donald W. Shaw for the amount of the judgment rendered against them herein shall be in solido with the liability of Michael Simons, against whom judgment was rendered herein on September 28, 1982.
Costs of this appeal are assessed one-half to plaintiff-appellee and one-half to defendants-appellants.
AMENDED AND RECAST.
NOTES
[1] For writings in support of this view, see 35 La.L.R. 644-646 (Spring 1975) and 28 La.Bar Journal 123-125 (Dec.1980).