630 So.2d 975 (1994)
The UNION BANK, Plaintiff-Appellant,
v.
COTTONPORT INSURANCE EXCHANGE, Defendant-Appellee.
No. 93-47.
Court of Appeal of Louisiana, Third Circuit.
January 12, 1994.
Rehearing Denied February 25, 1994.
*976 Darrel Dee Ryland, Marksville, for Union Bank.
Michael Francis Kelly, Marksville, for Cottonport Ins. Exchange.
Before GUIDRY, WOODARD and DECUIR, JJ.
WOODARD, Judge.
This appeal arises out of a suit by the assignee of a lease interest to recover rent payments allegedly due under the lease agreement.

FACTS
Plaintiff, The Union Bank, held a promissory note executed by Avoyelles Insurance Agency. The note was secured by a mortgage on an office building in Hessmer, Louisiana. Avoyelles leased the office building to defendant, Cottonport Insurance Exchange, for a three year term beginning May 1, 1988. The lease agreement also contained an option to purchase, which was never exercised. Both the lease agreement and the mortgage were properly recorded, however the mortgage was superior to the lease.
Avoyelles defaulted on the note with the Bank, and on September 28, 1989, the Bank filed a petition for executory process to enforce the mortgage. An order permitting the seizure and sale of the office building was signed October 21, 1989.
Three days later, a representative from the Bank went to the office building. He was accompanied by a sheriff's deputy. When they arrived at the office building they met Cottonport's representative, Mr. Jerry Guillory. Mr. Guillory testified that he was told the men had come to seize the building. The Bank, however, was apparently unaware of Avoyelles' lease agreement with Cottonport. Upon learning of the lease agreement, the Bank representative made a phone call and then left, telling Mr. Guillory they would come back later.
Believing that the property could be seized at any time, Mr. Guillory vacated the building and moved his offices to another location. Cottonport discontinued paying the monthly rent at this time.
On October 27, 1989, two representatives from the Bank made an inventory and took measurements of the office building. For several months after this, the Bank did nothing with the property. On April 3, 1990, the Bank entered into a dation en paiement with Avoyelles where Avoyelles transferred the building, along with its interest in the lease, to the Bank.
On October 5, 1990, the Bank filed this lawsuit against Cottonport to enforce the lease. The Bank sued to collect past due rent and all other rent due under the lease acceleration clause. Cottonport claimed it owed nothing because the lease was terminated when Cottonport's peaceful possession was disturbed by the threat of seizure of the property.
The trial court found that the petition for executory process and the signed order for seizure of the property were a disturbance of Cottonport's peaceful possession of the leased premises. The trial court found the lease was terminated and rendered judgment in favor of Cottonport. It is from this judgment that the Bank appeals, assigning as error the trial court's finding that Cottonport's peaceful possession was disturbed. We reverse.

*977 DISTURBANCE OF PEACEABLE POSSESSION
A lessor is obligated to maintain the lessee in peaceable possession of the premises during the continuance of the lease. La. C.C. art. 2692; T.D. Bickham Corp. v. Hebert, 432 So.2d 228 (La.1983). In Henry Rose Mercantile & Mfg. Co. v. Stearns, 154 La. 946, 98 So. 429 (La.1923), the Supreme Court found that a lessor suing for rent due under a lease must exercise care in executing a writ of seizure so that the lessee's possession is not unnecessarily disturbed. A lessor has breached its obligation to maintain the lessee in peaceable possession if a disturbance is such that the lessee can no longer use the premises for the purposes intended. Shreveport Plaza Assoc. v. L.R. Resources, 557 So.2d 1067 (La.App. 2 Cir.1990); see also Bowers v. Greene, 386 So.2d 920 (La.App. 3 Cir.), writ denied, 390 So.2d 202 (La.1980); Salim v. Louisiana State Board of Education, 289 So.2d 554 (La.App. 3 Cir.), writ denied, 293 So.2d 177 (La.1974).
In the case sub judice, an order was signed for the seizure and sale of the property, however no actual seizure ever took place. Cottonport was never denied access to the building and was never told to vacate the premises. A sheriff's deputy visited the leased premises for approximately fifteen minutes on October 24, 1989, and bank representatives took an inventory of the building for approximately thirty minutes on October 27, 1989. A necessary temporary or insignificant disturbance is not grounds for the abrogation of a lease. Friendly Finance, Inc. v. Cefalu Realty Investment, Inc., 278 So.2d 584 (La.App. 1 Cir.), writ denied, 281 So.2d 747 (La.1973).
Cottonport was never prevented from using the premises for its intended purposes. Although Cottonport vacated the building, it did so by its own choice. We therefore find that the trial court erred in concluding that Cottonport's peaceable possession was disturbed. The Petition for Executory Process and order for the seizure and sale of the property did not disturb Cottonport's peaceable possession, thus, Cottonport breached the lease agreement when it ceased paying rent. We, therefore, reverse the judgment of the trial court dismissing the demands of The Union Bank.

DAMAGES
We must now consider the Bank's claim for damages resulting from Cottonport's breach of the lease agreement.
The three year lease term began May 1, 1988 and ended April 30, 1991. The lease provides for a rental amount of $500.00 per month, due the first day of each month. The lease also contains an acceleration clause which provides as follows:
In the event of failure or neglect to pay such monthly rental in whole or in part, within thirty (30) days after it becomes due, Lessor shall have the right to declare the remaining installments immediately due and exigible, or Lessor shall have the option and right to declare this lease terminated and may enter upon and take possession of the premises without the necessity of any legal action whatsoever, reserving unto Lessor the right to enforce collection of all past due rental up to the time of re-entry. Lessee agrees to pay as an attorney fee, 15% of the amount due in the event any claim for rental is placed in the hands of an attorney for collection after the same becomes due, and in addition, agrees to pay interest at the rate of 10% per annum on all past due rental.
Cottonport admits that it ceased making monthly rental payments after October, 1989. The Union Bank claims Cottonport breached the lease in October, 1989, however, the record is void of any evidence regarding Cottonport's last rental payment, except for Cottonport's admission. We thus find that Cottonport breached the lease in November, 1989. When a lessee defaults on a lease agreement, the lessor may sue to cancel the lease and recover accrued rentals, or sue to enforce the lease and recover both accrued rentals and future accelerated rentals, if the lease contains an acceleration clause. Richard v. Broussard, 495 So.2d 1291 (La.1986).
The Union Bank filed this lawsuit to recover rentals pursuant to the acceleration clause of the lease. We find Cottonport owes *978 The Union Bank $9000.00 in rental payments for the period of November, 1989 through April, 1991. We also find Cottonport liable for a payment of fifteen percent (15%) of this amount for attorney's fees, and interest of ten percent (10%) per year, as provided by the lease agreement.
For the foregoing reasons, the judgment of the trial court is reversed and Cottonport is ordered to pay The Union Bank $9000.00 plus ten percent (10%) yearly interest, along with fifteen percent (15%) of $9000.00, or $1350.00, for attorney's fees. Costs of this appeal are assessed to defendant-appellee, Cottonport Insurance Exchange.
REVERSED AND RENDERED.