388 So.2d 477 (1980)
OUACHITA EQUIPMENT RENTAL COMPANY, INC., Plaintiff-Appellant,
v.
BAKER BRUSH COMPANY, INC., Defendant-Appellee.
No. 14250.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
*479 Pipes & Pipes, by William F. Pipes, Jr., Monroe, for plaintiff-appellant.
James M. Dozier, Jr., Farmerville, for defendant-appellee.
Before PRICE, HALL, and MARVIN, JJ.
PRICE, Judge.
Plaintiff filed suit for damages under a lease contract with defendant. The trial court rendered judgment in favor of plaintiff and both parties appeal. We affirm.
On April 22, 1977, plaintiff, Ouachita Equipment Rental Company, Inc., by written contract, leased to defendant, Baker Brush Company, Inc., a 1977 Royal Bond Copier machine for a term of five years at a monthly rental of $170.40. The contract provided that in case of default by defendant, plaintiff would have the option to exercise several remedies, which included the right to terminate the lease; take possession of the leased equipment; sell it at a public or private sale; and recover from defendant the cost of taking possession, storing, repairing, and reselling the equipment and the unpaid rent for the entire term plus an additional 10%, less the net proceeds of the sale. The contract also provided plaintiff the right to recover reasonable attorney fees and 15% interest on all sums payable from the date they become due.
Defendant stopped making the monthly rental payments in April 1978. After failing to receive the payments due for the months of April to August, plaintiff notified defendant by certified mail that the lease was terminated and demanded return of the copier. Defendant refused to return the machine and plaintiff proceeded by rule to obtain a court order directing defendant to relinquish it. Subsequently plaintiff was allowed to take possession of the copier and sold it at private sale for $1,200. It then filed suit to recover damages under the default provisions mentioned above totaling $10,170.75.
Defendant filed an exception of no right or cause of action alleging: (1) that by terminating the lease and repossessing the copier, plaintiff forfeited the right to sue for future rentals; (2) that since the private sale was made without benefit of appraisal, plaintiff was barred from recovering additional damages under the Deficiency Judgment Act; and (3) that plaintiff should be estopped from recovery because it failed to minimize its damages by leasing the copier to another party. Decision on this exception was deferred by the court until after trial on the merits of the case.
After trial, the court held defendant was in default under the terms of the lease and that under La.R.S. 9:3261-3271 governing the lease of movables, plaintiff was entitled to cancel the lease and in addition seek judicial enforcement of its rights thereunder, including its right to sell the equipment at private sale and to claim liquidated damages under the default provisions. Consequently, defendant's exception was overruled.
The court also held that while plaintiff may cancel the lease and in addition seek liquidated damages, the court, under R.S. 9:3267, may only award such damages to the extent it finds them to be reasonable. Finding that full recovery under the default provisions of the lease would be unreasonable, the court calculated plaintiff's damages on the following basis:

 $7,344.75 purchase price
 of copier
 cost of repossession
 135.00 and reconditioning
 $7,479.75 total investment
 by plaintiff
Less $2,044.80 12 months rent paid
 by defendant
 1,200.00 received by plaintiff
 from sale of copier
 3,244.80 total credit
 $4,234.95 net loss to plaintiff

*480 Judgment was rendered in plaintiff's favor for the amount of this net loss plus 15% interest from judicial demand and 25% of the total as attorney fees.
Upon plaintiff's motion, the court granted a new trial limited solely to the issue of damages, after which the judgment was amended to award an additional $500. Plaintiff appeals contending the trial court's award is inadequate.
Defendant answers the appeal seeking reversal primarily on the grounds set forth in its exception of no cause or right of action. It also contends plaintiff failed to prove the damages awarded.
La.R.S. 9:3261[1] allows a lessor, upon default by the lessee, the option of suing to enforce its rights under the contract, including any provision for acceleration of future rentals, or canceling the lease and exercise the rights provided in the succeeding statutes. Among those rights are the right to demand surrender of the leased property (R.S. 9:3263); the right to enforce the terms of the contract regarding cancellation (R.S. 9:3266); and the right to recover liquidated damages if provided for in the lease, to the extent the court finds them reasonable (R.S. 9:3267).
Plaintiff chose to cancel the lease, take possession of the property, and exercise one of the rights provided it by the contract in the event of default and cancellation, i.e. to sell the property at private sale. It then sued to recover the liquidated damages stipulated in the lease. The trial court found the damages stipulated to be unreasonable and awarded damages based on its own calculations. We find this to be a proper application of the governing statutes and a valid exercise of the discretion afforded the court in awarding damages thereunder.
Defendant contends the Deficiency Judgment Act (R.S. 13:4106-7) should be applicable by analogy to bar plaintiff's recovery as contrary to public policy. It contends that allowing recovery of liquidated damages over and above the net proceeds of a private sale without appraisement will allow lessors the same unfair advantage denied other creditors by the act, namely, the ability to purchase the property involved at a nominal price and still obtain a judgment against the lessee for the balance. It also asserts that this result will encourage creditors to disguise other transactions in the form of a lease of movables in order to frustrate the purpose of the act.
In Executive Car Leasing Company of New Orleans v. Alodex Corporation, 279 So.2d 169 (La.1973), the court held the Deficiency Judgment Act is not applicable to bar additional recovery following a non-judicial sale of property under the cancellation and stipulated damage provisions of the lease. Furthermore, the discretion afforded the trial court to make its own determination of damages when it finds those stipulated in the lease to be unreasonable provides ample protection from the abuses envisioned by defendant.[2]
Regarding defendant's claim that plaintiff failed to prove the damages awarded, we note that where the parties to a contract stipulate the measure of damages in case of default, our courts generally do not inquire whether the actual damage suffered equals or approximates the agreed amount. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970); Amacker v. Wedding, 363 So.2d 223 (La.App. 4th Cir. 1978). While R.S. 9:3267 apparently authorizes the court to make such an inquiry in *481 determining the reasonableness of the amount claimed, it did not change the law to require proof of actual damage as prerequisite to recovery.
We further find that plaintiff has not shown that the trial court awarded an inadequate amount for reasonable damages. Plaintiff was allowed $500 over and above its net cost for a total of $4,734.95 and 25% of this amount for attorney fees. Although the sum allowed for overhead and profit is minimal, we cannot say the trial court's determination was manifestly erroneous.
For the foregoing reasons the judgment is affirmed. Costs of this appeal are assessed equally to plaintiff and defendant.
NOTES
[1] In the event of default by the lessee, the lessor of movable property has the option to enforce judicially all of his rights under the lease contract, including, if the lease so provides, his right to accelerate all rentals that will become due in the future for the full base term of the lease, or to cancel the lease and to exercise the rights granted him under this chapter.
[2] We note that the copy machine was originally purchased by plaintiff for $7,344.75 and was sold a little more than a year later at the private sale for only $1,200. Although this fact was not specifically mentioned by the trial court in its reasons for judgment, it was most likely an important factor in the determination that the amount sought by plaintiff was unreasonable.